ON Motion to Dismiss.
The opinion of the court was delivered by
Nicholls, C. J.
Appellee has moved to dismiss the appeal in this •case on the ground that it appears on the face of the papers and record that the matters and things propounded in the pleadings and issues determined are not appealable to this court; that the alimony pendente lite demanded by a married woman in an action for separation from bed and board is not in its nature within the jurisdiction of this court. That the decree below is interlocutory and for less than two thousand dollars, and does not cause irreparable injury.
In April, 1874, the present plaintiff, the wife of the defendant, instituted a suit in the District Court for the parish of Orleans, in which she averred that her husband had abandoned the matrimonial domicil and had refused, and persistently refused, to support her, without justification or excuse. That he had ample means and expended the same for his own gratification and pleasure, while she was in necessitous circumstances and forced to rely upon friends for support and maintenance. The prayer of her petition was that de *837 fendant receive her at his domicile and furnish her, as his lawful wife, with the necessaries of life, according to his position and means, or in the alternative that she have judgment condemning him to give her aid and support in the sum of one hundred dollars per month. Defendant pleaded the general issue. Immediately after this, plaintiff, suggesting that considerable time would necessarily elapse before a trial could be had on the merits, prayed for a rule on the defendant to show cause why “a provisional alimony of one hundred dollars per month should not be allowed her, commencing from the filing of the suit and payable in advance. To this rule defendant excepted on the ground that the petition showed no ground for alimony, as the suit was not one for separation or divorce, and that alimony was only allowable in suits for separation or divorce pendente lite. The exception was overruled, and on trial thereof the rule was made absolute and defendant was adjudged to pay to the plaintiff alimony at the rate of one hundred dollars per month from the filing of the suit until the final determination thereof. The decree was signed on June 1, 1874, the original suit remaing in statu quo until January 25, 1884, when it was sought to be revived by judicial proceedings. After judgment of revival had been rendered by default, defendant, appearing, maintained that plaintiff was without right to stand in judgment in either the original suit or that for revival; that the original judgment and the judgment of revival were nullities and should be so decreed and set aside. The District Court sustained defendant’s contention and rendered judgment annulling the judgment of revival, and also the interlocutory decree of June 1, 1874, awarding alimony to the plaintiff pendente lite and rejecting plaintiff’s demands. She appealed, and this court affirmed the judgment on the ground that a demand by a wife for alimony is an incident of a suit for separation from bed and board or divorce. That it was accessory to it and inseparable from it. That an independent suit for alimony disconnected with and not growing out of a suit for separation from bed and board or divorce was an anomaly. 42 An. 1071.
On November 25, 1891, plaintiff brought a second suit against her husband. In her petition she recited the facts connected with the former litigation and its results and reiterated the allegations contained in her petition in the first suit. She averred that she was entitled to a judgment of separation from bed and board to date from *838 the 22d day of April, 1874. In the course of her petition she averred that she was entitled [by reason of the abandonment of herself by her husband and by virtue and reason of the former proceedings and the proceedings she was then inaugurating] from said period of abandonment until a final divorce be granted to an alimony from her said husband in the sum of one hundred dollars per month. That her father, who had contributed the means for her support, was now dead, and that she had been sustained in life and was still being sustained by the aid and assistance of her mother at Ohurch Hill in Jefferson County, Miss., which was her present residence and which she desired assigned to her as such; she not having the means or friends in the State of Louisiana to locate therein and establish her domicile therein. Her prayer was that her husband be cited, and after due proceedings had by citation issued and of summons under the law (there being no matrimonial domicile by reason of his own act), that he be ordered to declare a matrimonial domicile, to live with her and support her in due accord with law, and otherwise to comply, with his contract and the law. That in the event of his refusal to do so, there be judgment of separation from bed and board with a view of final divorce between them. That alimony be granted to her in the sum of one hundred dollars per month, to date from and after the abandonment set forth in the petition, viz.: the 22d of April, 1874, and continuing to the date of final .divorce when granted in her suit then brought. That her domicile be assigned to her by the court at Ohurch Hill, Jefferson county, State of Mississippi.
Upon considering this petition the District Judge ordered that the residence of plaintiff’s mother, at Ohurch Hill, Jefferson county, Mississippi, be assigned to her as her domicile pending the proceedings.
The defendant, among other causes, excepted: That plaintiff’s petition disclosed no cause of action. That the court was without jurisdiction when plaintiff, for over twenty years, had been a nonresident of the State. That the court was without right, power or authority to fix the domicile of plaintiff outside of the State and the jurisdiction of the court — the intent of the law being that both the court and plaintiff should have plaintiff under their eye.
That the plaintiff had no right to have a domicile or residence outside of the State and yet demand alimony, as it was impossible for *839 defendant to know anything of her. That for the court to take jurisdiction of the case in its condition as detailed by the pleadings would be against both the letter and spirit of the law, as the object of permitting a separation from bed and board was to enable the parties to be reconciled within a year before ñaal decree for divorce, if possible. The court sustained defendant’s exception of no cause of action,' in so far as plaintiff demanded alimony for a period previous to the institution of the existing suit. The other exceptions were overruled. Defendant then answered.
In reference to the particular question of alimony he averred that at the time plaintiff alleged she was in want she was living under the roof of one of the relatives of defendant, and was cared for as well as she could be, and during that time he was absent from the State seeking work. That he was poor, with limited means, and never had been a man of much means — that at the moment of filing his answer she had more means and lived in greater luxury than he did. That the plaintiff had no need of alimony and was well-to-do, and thar. her demand was made with a view to enable her to live in the luxury and comfort which comported with the wife of a wealthy man, when in truth she was the wife of a very poor man. That he was willing to have the plaintiff return to him if she were willing to return and live as became his means, which was less than one hundred dollars per month. That he stood ready to support and care for the plaintiff, and had always been willing to do so; but that she demanded more than he could give, and that if she 'was willing to accept what the defendant could give, he was willing to give to the full limit of his means, and whenever the plaintiff would come he would provide for and receive her. He prayed that- plaintiff’s demand be rejected. .
In February, 1895, plaintiff suggesting that the cause was fixed for trial, and that she was present in New Orleans to attend the same, the court assigned as her residence the Christian Woman’s Exchange.
On the 2d April, 1895, the District Oourt reciting that the cause had been tried upon its merits and submitted for adjudication upon due consideration of the law and the evidence, considering for reasons orally assigned that the plaintiff had failed to make the proof of abandonment required by Art. 145, O. 0., and that there was therefore nothing on which to base the ancillary judgment of alimony prayed for, ordered, adjudged and decreed that plaintiff’s demand *840 he rejected as of non-suit. Plaintiff appealed from this judgment. This court, in May, 1895, reversed the judgment and remanded the cause for further proceedings, eitheh upon plaintiff’s demand for alimony pendente lite or upon the merits of the principal demand for a separation from bed and board as might be deemed preferable. The syllabus of the case is that “in case a trial is had and a judgment rendered in a suit for divorce, with which is also coupled a rule for alimony, the record leaves it in doubt whether the issue disposed of was the question of alimony or the merits, the purposes of justice will be best subserved by a reversal of the judgment and the remanding of the cause for a new trial.” 47 An. 1185.
On June 4, 1895, counsel of plaintiff suggesting the decree of the Supreme Oourt remanding the cause — the petition on file and the evidence before taken, and that plaintiff had no income for her maintenance during her suit for separation — that she resided at the domicile assigned her by the court — that her husband could well afford her one hundred dollars per month and was abundantly able so to do, obtained a rule upon defendant to show cause why alimony should not be paid her at one hundred dollars per month as prayed for in her petition on file, during her suit for a separation, and why execution should not issue therefor. This rule coming on for trial on June 21, 1895, the court ordered it to be dismissed for want of jurisdiction. On the 25th of June, 1895, plaintiff, averring that her health was impaired, prayed that during the recess of the court she have assigned as her residence that of her mother at Ohurch Hill, Jefferson county, Mississippi, or at her brother’s in Baton Rouge. The court declined this application, declaring it had no power to assign to plaintiff a residence outside of the parish of Orleans.
The action of the District Oourt dismissing plaintiff’s rule for alimony for want of jurisdiction was evidently based upon the fact of the pendency of the appeal in the Supreme Oourt from the prior judgment in the case, for on June 24 the rule was renewed upon counsel for plaintiff suggesting that the decree of the Supreme Court in the matter of that appeal h-ad become final. In July, 1895, Judge King, acting in the place of Judge Théard, absent (upon submission to him of a certificate of a physician declaring a change of climate and location was necessary)', signed an order authorizing the plaintiff to absent herself from her assigned domicile until the reopening of the court in November -r she holding herself, at all *841 ¡times, through her counsel, subject to any orders the court might ■make.
On the 20th of January, 1896, the District Court rendered judgment upon the rule for alimony, stating that, for reasons orally ■assigned, the court was of the opinion that under the law and the evidence plaintiff was entitled to alimony to the extent it was then .•granted. It ordered and decreed that the rule for alimony be made absolute in so far only as to order defendant to pay to his wife, the plaintiff alimony pendente lite at the rate of thirty-five ■dollars per month from December 23, 1895. It further ordered and ■decreed that the rule as to the claim for alimony prior to the institution of the existing claim be discharged, and that, in other respects, •it be dismissed as in the case of non-suit. From this judgment ■plaintiff appealed and it is this appeal which defendant has moved to ■dismiss on the grounds stated.
In plaintiff’s second suit, filed November 25, 1891, she prayed for ¡alimony to date from the 22d day of April, 1874. On exception, that portion of this demand as claimed alimony prior to the suit then ■existing was dismissed. This ruling left the demand for alimony as from the date of judicial demand (December 4, 1891) in the second suit, still standing. The matter was not disposed of until January 20, 1896. At that time her claim for alimony amounted to a sum in excess of that required to give this court jurisdiction on appeal from a judgment adverse to the claimant. The wife had the right to have ■her claim passed upon as presented. If held good it would date back from the judicial demand in the suit.
Article 148 of the Civil Code declares that “if the wife has not a sufficient income for her maintenance during the suit for separation, the judge shall allow her a sum proportioned to the means of the husband.” A delay in bringing the rule to trial does not work a forfeiture of the allowance. The husband could force the trial if he chose. Our law relatively to alimony pendente lite does not materially differ from that of other States.
Bishop on Marriages and Divorce, Vol. 2, Sec. 424, says: “Alimony pendente lite is commonly made by the terms of the order itself to commence from the return of the citation. This is the true rule, for till then the wife may be considered as able to obtain subsistence on the credit of her husband. But it may be directed to begin earlier or later * * * Sec. 425.” “The temporary ali *842 mony may be awarded at the final decree, to commence with the bringing of the suit.”
In American and English Encyclopedia of Law, verbo Alimony, p. 477, under the heading “When alimony pendente lite ceases,” it is stated: “ Alimony pendente lite may begin as soon as the husband is in court, and if the court does not annul the decree it continues as long as the suit is pending, but ceases when the suit is dismissed.” A number of authorities are cited in a foot note under this heading to the effect that such alimony may be made to take effect from the beginning of the suit. In Swearingen vs. Swearingen, 19 Ga. 267, Lumpkin, judge, said: “ Was it error in the court to make the allowance of alimony to relate back to the commencement of the suit. We see no objection to this. It is usual and proper in such cases.”
As the wife had at the trial of the rule the legal right to present her-demand for alimony as one dating from judicial demand, we think so far as the question of appeal is dependent upon the amount in controversy the motion for dismissal herein is not well taken. •
The next objection urged is that the judgment is interlocutory in its character and does not work irreparable injury. From certain standpoints the judgment is interlocutory. It may, after having been granted, be modified or annulled by changing conditions by summary motion or petition in the original cause, not by a new proceeding (Bishop on Marriage and Divorce, Sec. 438), or may, after having been refused, be renewed and allowed, but none the less it may, under some circumstances, become res judicata and preclude the parties from going behind the decree in reference to it unless appealed from. Thus we find in Frazier-Herman, under Art. 269 of the Code Napoleon, the following decision noted:
“ Jugé que si le conjoint demandeur n’a point appelé du jugement provisoire qui a déterminé le chiffre de la provision alimentaire que doit lui payer 1’autre époux pendant la durée du proeés il ne peut ensuite sur l’appel du jugement definitif demander qu’une allocution plus considérable lui soit accorded. Douai, 19 Novembre, 1846 (S. 48, 2, 522, P. 48, 2490). See on this point Imhof vs. Imhof, 45 An. 717.
An appeal from the main judgment would not carry up this particular order rendered prior thereto on a special rule. We think that the rejection by a court of a wife’s claim for alimony is unquestionably irreparable. We do not know how, if erroneous, it could be repaired, unless through appeal.
*843 It is urged that the order as to alimony rests in the discretion o£ the court below. That is true. It does so to a very great extent; we so declared in the case cited (45 An. 717), and we would not. lightly disturb a judge’s ruling on that subject, but this doctrine must, not be carried to the extent of cutting off or barring absolutely the-right of appeal. Bishop, Vol. 2, Sec. 406, says: ‘‘ The ad interim alimony and money for the suit’s expenses are given not as of strict right in the wife, but of sound discretion in the court. Yet the discretion is judicial, not arbitrary. When exercised fairly and without abuse by the trial court it will not ordinarily be interfered with on appeal. Yet it will be where substantial rights have been impaired — a doctrine the precise limits of which in our States are not quite uniform. What is a judicial discretion we said in another connection (Vol. 1, Sec. 830), therefore, when the application is brought within the principles ordinarily recognized as entitling the wife to an allowance it was given pretty much as of course and usually without inquiry into the merits of the cause.” The views'expressed by this court in the case of Imhoff vs. Imhoff were made not upon a motion to dismiss, but after submission of the case and investigation.
In this State an application of that kind rests upon, sections of the Oivil Oode and are controlled by the judicial discretion of the court. We are of the opinion that the appeal taken in this case should not be dismissed.
The appeal is maintained.