(33 South. 741.)

No. 14,204.

DALE v. HAUER.*

(Dec. 16, 1902.)

APPEALABLE ORDER—JUDGMENT FOR ALIMONY—REVIEW.

1. A decree of the district court in a suit for separation from bed and board, rendered prior to final judgment, which orders a husband to pay his wife alimony pendente lite, is appealable without reference to amount. Article 85, Const. 1898.

On the Merits.

2. In a suit for separation from bed and board plaintiff obtained a rule nisi against the defendant to show cause why he should not pay alimony to his wife, the plaintiff, and child. The rule was made absolute. The amount decreed by the district court to be paid was not excessive. The evidence, to which some objection was urged primarily, even if not admissible, is not ground to annul the judgment on appeal. The objection was not brought up by bill of exception, as required. There was other evidence admitted without objection, sustaining the judgment.

(Syllabus by the Court.)

Appeal from civil district court, parish of Orleans; Walter B. Sommerville, Judge.

Action by Anna Dale, wife of Anton Hauer, Jr., against Anton Hauer, Jr., for separation from bed and board. Judgment for plaintiff, and defendant appeals. Affirmed.

Paul Louis Fourchy, for appellant. James C. Henriques, for appellee.

*Rehearing denied March 2, 1903.

NICHOLLS, C. J. The plaintiff brought this suit for a separation from bed and board from her husband, and obtained, prior to judgment on a rule taken upon her husband at her instance, an order or decree of the court for alimony at $6 a week from May, 1901.

The court granted him a suspensive appeal from this judgment on his furnishing bond for $500. The bond having been furnished, and the transcript lodged in this court, plaintiff has moved to dismiss the appeal on the ground that it is an interlocutory decree, from which no appeal can be taken.

The question is not before us whether a suspensive appeal should or could be taken from such an order, but whether an appeal of any kind is permissible. In Carroll v. Carroll, 48 La. Ann. 835, 19 South. 872, we maintained an appeal taken by a wife from a judgment rendered on a rule taken by her upon her husband, her demand being prior to judgment for separation, to show cause why he should not be decreed to pay her alimony during the pendency of the suit.

It is a general rule, subject to some exceptions, that, where one of the parties to an action is entitled to an appeal from some particular decree, the other party is likewise entitled to an appeal.

We have appellate jurisdiction over the subject-matter under article 85 of the Constitution of 1898. The appeal is maintained.

On the Merits.

(Jan. 19, 1903.)

BREAUX, J. On a rule instituted by the plaintiff wife against her husband for alimony, the judgment of the district court condemned the defendant to pay to his wife and minor child $6 a week.

The defendant appeals from the judgment.

Proceedings were instituted by plaintiff for a separation from bed and board. She is the mother of a child a few months old, issue of the marriage. She seeks to retain the custody of the child.

On the trial of the rule it was shown by the testimony that the defendant husband was employed in a barroom in the city at $60 a month.

The employment of defendant was shown by testimony to which no objection was or could have been urged.

The amount of his wages was proven by the statement made by the defendant to plaintiff's father.

Objection was urged by defendant to this last statement on the ground that the husband cannot testify for or against the wife.

The judge of the district court withheld his ruling on this objection, reserving to either counsel the right to except to the ruling of the court when the ruling would be announced. The rule was made absolute, and no reference was made by either counsel or the court to the objection.

Even without the last statement, there is enough testimony, we think, before us, to sustain the appeal, and we therefore do not expressly pass upon the objection (which is not before us in form required).

The husband who has employment at all owes as much as $6 a week to the support of his wife and young child.

For these reasons the judgment appealed from is affirmed, at appellant's costs.