LAND, J.
Plaintiff sued for a separation from bed and board on the ground that the defendant on September 4, 1914, had abandoned the matrimonial domicile, taking with him the only child of the marriage, a girl about three years of age, without petitioner’s knowledge and consent.
On September 11, October 22, and November 21, 1914, the defendant was served with summons to return to the matrimonial domicile without delay, or to show cause for his neglect or refusal so to do.
On December 19, 1914, defendant appeared and filed an answer to the petition, admitting, inter alia, that the petitioner had always conducted herself properly; that he had abandoned petitioner on September 4, 1914, and had taken with him the only child of the marriage, without the wife’s knowledge or consent.
For further answer the defendant averred that the plaintiff had abandoned the matrimonial domicile, which had been assigned as her residence by order of the court, and had left the state, without the permission of the court, and thereby had lost all rights of action in the premises.
For further answer the defendant averred that he returned with his child, to the matrimonial domicile on about September 20, 1914, but found that his wife had left the jurisdiction of the court and had abandoned said domicile, and the respondent and their minor child, without cause or provocation, and in disregard of her duties, and notwithstanding the fact that the defendant was ready and willing to receive and provide for his wife according to his station in life.
Wherefore the defendant alleged that he had been abandoned by the plaintiff, and was therefore entitled to a separation from bed and board, and the custody of his minor child, for which he prayed judgment in re-convention.
On February 3, 1915, the plaintiff appeared by new counsel, and on petition was assigned another domicile, during the pendency of the suit.
On February 15,1915, the plaintiff presented a supplemental and amended petition, setting forth habitual intemperance, cruel treatment, etc., on the part of her husband, as additional grounds for a separation from bed and board. The plaintiff alleged that these additional charges were made “as a supplemental and amended basis of relief.”
Paragraph 25 of said petition reads as follows:
“That she is entitled under the law to the provisional custody of her child pending this suit, to its permanent custody after judgment, and to alimony for her and her child’s support proportioned to the means of her husband, which should not be less than $125 per month since the institution of this suit.”
*75 The court ordered that supplemental and amended petition be filed and served according to law, and that defendant show cause why the prayer for the custody of the child, and for alimony from the beginning of the suit, should not be granted.
Defendant excepted to the amended and supplemental petition, on various grounds, among others, that it came too late, changed the substance of the demand, the relief prayed for, and was an attempt to ingraft a new cause of action upon the original suit, which had abated.
These exceptions were sustained on the face of the papers, and there was judgment dismissing the rule for alimony, and also ordering that the petition filed February 5, 1915, be dismissed at the costs of the plaintiff, “without prejudice to whatever rights she may otherwise have in the premises to be raised in another suit hereafter.”
Motion to Dismiss.
Defendant has filed a motion to dismiss this appeal, on the grounds:
(1) That the Supreme Court is without jurisdiction ratione materias.
(2) That' no appeal lies from a judgment dismissing a supplemental petition.
The appeal before us is not from the judgment dismissing the supplemental petition, but from the judgment dismissing the rule for alimony.
[2] The jurisdiction of the Supreme Court extends “to suits involving alimony.” Const, art. 85.
The rule for alimony, although prayed for in the amended and supplemental petition, was a separate demand, and was so treated and disposed of in the judgment below.
The right of the plaintiff to alimony does not depend on her right to amend and supplement her original petition by pleading other grounds for a separation from bed and board, but is an incident to the suit, and not susceptible of being the basis of an independent action.
However, it is well settled that an appeal lies to the Supreme Court from decrees on rules for alimony rendered pendente lite. Dale v. Hauer, 109 La. 711, 33 South. 741, reaffirming Carroll v. Carroll, 48 La. Ann. 836, 19 South. 872. See, also, Baker v. Jewell, 114 La. 731, 38 South. 532.
The motion to dismiss is therefore overruled.