(78 South. 751)

No. 22806.

## GHISALBERTI v. CALAMARI.

(Oct. 29, 1917. On the Merits, April 29, 1918. Rehearing Denied May 27, 1918.)

*(Syllabus by the Court.)*

1. DIVORCE ☞279 — SEPARATION FROM BED AND BOARD — JURISDICTION OF SUPREME COURT—SUITS INVOLVING ALIMONY.

The Supreme Court has jurisdiction in suits involving alimony, Const. art. 85.

### On the Merits.

*(Additional Syllabus by Editorial Staff.)*

2. DIVORCE ☞240(1)—SEPARATION FROM BED AND BOARD—ALIMONY—AMOUNT.

Decree, condemning husband suing for separation to pay alimony in the sum of $30 per month, sustained in view of the evidence as to his earnings and property.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Suit by Peter John Ghisalberti against Dominica Calamari, his wife, for separation from bed and board, in which defendant as plaintiff in reconvention sought a separation, and in which, pending the trial, defendant ruled plaintiff to show cause why he should not pay alimony for the support of herself and child. From an interlocutory decree condemning plaintiff to pay alimony in a certain sum, he obtained a suspensive appeal. Motion to dismiss appeal overruled, and judgment affirmed.

Woodville & Woodville, of New Orleans, for appellant. L. Fred Andry, Robert E. O'Connor, and Dart, Kernan & Dart, all of New Orleans, for appellee.

### On Motion to Dismiss.

LECHE, J. Plaintiff sues his wife for separation from bed and board, on the ground of abandonment. Defendant reconvenes, and as plaintiff in reconvention also prays, on the ground of ill treatment, for a separation. Pending the trial of these counter actions, defendant ruled her husband into court, to show cause why he should not pay alimony for the support of herself and child.

[1] After due trial and hearing, the trial judge condemned the husband to pay alimony as prayed for in the sum of $30 per month. The husband, plaintiff in the suit, thereupon obtained a suspensive appeal from said decree, and the wife moves to dismiss his appeal on the ground that this court is without jurisdiction. She cites as authority Imhof v. Imhof, 45 La. Ann. 716, 13 South. 90, Naghten v. Wife, 48 La. Ann. 800, 19 South. 762, Carroll v. Carroll, 48 La. Ann. 842, 19 South. 872, and Baker v. Jewell, 114 La. 726, 38 South. 532.

The last-cited case has no application whatever to the question at issue and appellee has evidently failed to notice that since the rendition of the decisions, quoted in the 45th and 48th Louisiana Annuals, new Constitutions were adopted in 1898 and in 1913, article 85 of which extends the jurisdiction of this court to demands for alimony. See Dale v. Hauer, 109 La. 711, 33 South. 741; Murff v. McCloskey, 138 La. 75, 70 South. 41. The motion to dismiss has no merit, and it is overruled.

### On the Merits.

[2] Plaintiff appeals from an interlocutory decree, condemning him to pay to his wife, for the support of herself and a child 3½ years old, who is the offspring of the parties, $30 per month for alimony. The only contested question is the amount of alimony. Defendant testifies that her husband, the plaintiff, earns $200 per month and owns $7,000 invested in the Washington Ice Company. Defendant, on the other hand, testifies that he owns no such investment; that he sells ice; that his sales average 541 tons a year; and that his profits are $2.75 per ton, making his gross income $1,487.75 per annum or $124 per month. He further says that the monthly expenses of his business are: For stable rent, $5; for mule feed, in-

cluding medicines and doctors, $22; wear and tear on his wagon and harness, $8; shoeing mule, $2.25; helper, $4; house rent for his home, $13.50—making a total of $54.-75 per month and leaving him a net income, as we calculate it, of $69.25 per month, and not $55.25 as he testifies. According to the showing thus made by the parties, we do not believe that an allowance of $30 per month is excessive. Considering further that the trial judge may increase or decrease the amount of his award, according to such change as may take place in the actual earning capacity of the plaintiff, we see no reason to amend or reverse the finding of the district court.

The judgment appealed from is affirmed.