(83 South. 382)

No. 23798.

### GHISALBERTI v. CALAMARI.

### In re GHISALBERTI.

(Dec. 1, 1919.)

*(Syllabus by Editorial Staff.)*

DIVORCE ⊚⇒269(13)—SEPARATION FROM BED AND BOARD; NECESSITY OF SUBMISSION OF RULE TO SHOW CAUSE BEFORE JUDGMENT FOR CONTEMPT.

In contempt proceedings by a wife against her husband for failure to pay alimony in a separation suit, it is error for the trial court to adjudge the husband in contempt, and to impose a fine, where the rule to show cause why he should not be adjudged guilty and punished for contempt was not submitted to the court for a decision.

Suit by Peter John Ghisalberti against Dominica Calamari, his wife, for separation. On the wife's rule against her husband, after a decree in her favor for the payment of alimony, plaintiff was ordered to show cause why he should not be punished for contempt. Plaintiff was found guilty of contempt and he applies for writs of certiorari and prohibition. Writs made peremptory, and relator released.

Woodville & Woodville, of New Orleans, for applicant.

Dart, Kernan & Dart, of New Orleans, for respondent.

O'NIELL, J. Relator complains of a ruling of the district court, holding him guilty of contempt of court, and condemning him to pay a fine of $50, and to be imprisoned 10 days. He contends that the question of his having willfully disobeyed the orders of the court was never submitted to the court for decision.

The record discloses that relator brought suit against his wife for separation from bed and board on the ground of abandonment, and prayed to be awarded the permanent possession and care of his minor child. In answer to the suit, the wife denied plaintiff's right to a judgment of separation, and, in reconvention, prayed that a judgment of separation be rendered in her favor on the ground of cruel treatment, that she be given the permanent possession and control of the child, and that her husband be condemned to pay her alimony at the rate of $66.66 a month, or one-third of his income. During the pendency of the suit, she proceeded by rule against her husband and obtained an interlocutory judgment, of date the 25th of July, 1917, ordering him to pay her alimony at the rate of $30 a month, commencing on the date of filing of the rule, for the support of herself and the child. The judgment was affirmed on the husband's appeal to this court. See Ghisalberti v. Calamari, 143 La. 507, 78 South. 751.

On trial of the suit for separation, judgment was rendered in favor of the plaintiff, husband, and against the defendant, wife, merely "decreeing a separation from bed and board between them." As there was no mention of the wife's reconventional demand in the final judgment, the plaintiff, husband, considered that her demand for alimony was, in effect denied, except for the $30 per month which he had been ordered to pay during the pendency of the suit. Neither party appealed from the judgment of separation, dated the 6th of January, 1919, and it became final.

In February, 1919, the defendant, wife, proceeded by rule against her husband, alleging that he was delinquent in his monthly payments of $30 to the amount of $80, and he was ordered to show cause why he should not be adjudged guilty of contempt of court, and be punished by fine and imprisonment. On trial of the rule, he was adjudged guilty, and condemned to pay a fine of $50 and to be imprisoned 10 days. Thereafter he paid the $80 alimony, and the court remitted the penalty.

In June, 1919, that is, after the judgment of separation had become final, the wife again proceeded by rule against her husband, alleging that there was then "a balance due under the old judgment of $58 in alimony." She alleged, also, that she was entitled to alimony for herself and her child, at the rate of $30 a month, from and after the date of the judgment of separation. Relator was therefore ordered to show cause, in open court, on the 20th of June, 1919, why he should not be adjudged in contempt of court for having failed to pay the balance of $58 due under the interlocutory judgment theretofore rendered, and to show cause why he should not be compelled to pay $30 a month alimony, for the support of the wife and child, from and after the date of the judgment of separation. For some reason, not disclosed by the record, the rule was not heard until the 17th of October, 1919. When the attorneys for the plaintiff and defendant appeared in court on that day, it was acknowledged that the husband, defendant in rule, had paid the $58 alimony, being the balance due to the date of the judgment of separation, but that the payment had been made after service of the rule for contempt. It was also admitted that the attorneys for the defendant in rule had remitted to the attorneys for the plaintiff in rule $100 in September, 1919. The record does not disclose what consideration the $100 extra was given for; but the judge thought it was in part payment of alimony due subsequent to the decree of separation, and that it was therefore a tacit acknowledgment on the part of the husband that he owed alimony for the time subsequent to the decree of separation. We do not think it was so intended, or should have that effect.

The record shows that, when the attorneys for Mrs. Ghisalberti appeared in court and argued the rule, on the 17th of October, 1919, they were apparently satisfied with the settlement of the alimony due to the date of the judgment of separation; and, having informed the judge orally in open court that the alimony due to the date of the decree of separation had been paid, and there being no complaint from the judge that the payment was made too late, the attorneys on both sides disregarded the rule for contempt, and argued only the rule to show cause why alimony should not be paid subsequent to the decree of separation. In defense of the latter rule, the attorneys for the defendant, husband, pleaded that the wife had no cause or right of action, and that the judge had no jurisdiction to entertain the demand, after the decree of separation had become final. It appears that the plea was filed a few days later, but the judge and the attorneys treated the matter as if the plea was already filed; for the minutes of Friday, the 17th of October, 1919, contain only the following entry, under the title and number of the original suit for separation, viz:

*"On Rule for Alimony.* Present: Dart, Kernan & Dart, attorneys for plaintiff in rule; Warren Woodville, attorney for defendant in rule. And, after hearing the pleadings and the arguments of counsel, the court took this cause under advisement; briefs to be filed by October 23, 1919."

In the briefs filed in the district court, by the attorneys on both sides, the only matter discussed was the exception of no cause or right of action and the plea to the jurisdiction, in the rule for additional alimony; no reference whatever was made to the rule for contempt.

The next minute entry, of date the 27th of October, 1919, discloses that on that day the court rendered judgment making the rule absolute, ordering the defendant in rule to pay his wife $170 alimony, and to pay $30 a month from and after the 6th of October, 1919, and until the further orders of the court; and, proceeding then to render judg-

ment on the rule for contempt, the court adjudged the defendant in rule guilty, and condemned him to pay a fine of $50 and to be imprisoned 10 days.

The judge explains, in his return or answer to the rule issued by this court, that his reason for fixing the amount of alimony due at $170 was that the amount due, at $30 a month, for the 9 months from the date of the judgment of separation, January 6, 1919, to October 6, 1919, was $270, from which he deducted the $100, which the attorneys for defendant in rule had already remitted to the attorneys for plaintiff in rule.

Our conclusion is that the judge was in error in penalizing the defendant, because the rule to show cause why he should not be adjudged guilty and punished for contempt was not submitted to the court for decision. For that reason—

The judgment of the civil district court, declaring the relator, Peter John Ghisalberti, guilty of contempt of court, and condemning him to pay a fine of $50 and to be imprisoned 10 days, is annulled; the writ of prohibition, prohibiting the execution of said judgment or decree of the civil district court is made peremptory; and it is ordered that relator, Peter John Ghisalberti, be released.