COOPER *vs.* COOPER.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

The fact that the husband and wife lived unhappily together, and sometimes cursed and abused each other; and where the husband even went so far as to push the wife out of the door, but without any hurt, will not authorize the wife to obtain judgment of separation of bed and board, with a view to a final divorce.

In an action for a divorce by the husband, on the ground of adultery of his wife, the fact of adultery must be fully proved. It will not suffice that her conduct be extremely suspicious to entitle him to judgment.

Even where the husband knows of the adulterous conduct of his wife, but continues to live with her, and becomes reconciled to his own dishonor; and takes upon himself to punish or to reform her without appealing to the law, it is questionable if he can afterwards be permitted to complain.

This is an action by the wife for a separation of property, and from bed and board, with a view to a divorce.

The plaintiff alleges she intermarried with the defendant in January, 1832, and has continued to demean herself towards her husband in a proper and affectionate manner; but that he commenced a course of treatment towards her, by abusing and maltreating her in such a manner, as renders their living together as man and wife any longer, insupportable. She therefore prays for judgment of separation from bed and board, and for her half of the community, and for her separate property.

The defendant denied the allegations of bad treatment, and averred that his wife's conduct had become so notoriously lewd and immoral, in her adulterous intercourse with other men, even by her own acknowledgment, that he was entitled to a divorce *a vinculo matrimonii.*

Wherefore, he prays, by way of reconventional demand, that he be divorced from his said wife, and that her suit be dismissed.

32

The evidence showed many suspicious circumstances to prove that the plaintiff was extremely loose and immoral in her conduct, and particularly with a certain person who visited her by day and by night, and at unseasonable hours. It appeared her and her husband were frequently quarrelling, and both abused each other very much.

Testimony was also introduced as to the amount and situation of their property. From the whole case, the district judge concluded that the plaintiff was entitled to a separation from bed and board, and that the parties retain the control of the property that each had in possession. Judgment was rendered accordingly; from which the defendant appealed.

*Lewis,* for plaintiff.

*Swayzé,* for defendant.

1. The evidence does not sustain the demand for a separation of bed and board, instituted by plaintiff.

2. Admitting plaintiff was abused by defendant, yet it was provoked by the former, and the abuse was mutual. This is not good cause for a separation. 4 *Martin's Reports,* 174.

3. Judgment should have been rendered in behalf of defendant on the ground of the adultery of the wife. The evidence shows her conduct to be lewd and suspicious.

1 *Moreau's Digest,* 412. *Roscoe on Evidence, page* 362. 2 *Starkie,* 439.

*Bullard, J.,* delivered the opinion of the court.

The plaintiff, who sues for a separation from bed and board, represents in her petition, that she intermarried with the defendant in 1832, and that they lived together for some time pretty well; but that notwithstanding her affectionate and proper conduct, he some time afterwards commenced a course of mistreatment towards her, which continued to grow worse and worse, frequently cursing and abusing her in the most shameful manner, insomuch that it has rendered their further cohabitation utterly insupportable, and that he at

last ordered her out of his house, and she has taken refuge at the house of her mother.

The defendant, in his answer, alleges, that he always treated the plaintiff in a kind and proper manner, until her conduct became so openly and notoriously lewd, immoral and improper, that it was no longer supportable, and, he admits, that he may on some occasion, when excited by the bad conduct of the plaintiff, and her unblushing avowal of her own dishonor, have expressed himself in indignant and harsh terms of her. He further alleges, that his wife has been guilty of adultery with one William McDaniel, and that she has, on many occasions, gone about the neighborhood both by day and night, to balls and other places of amusement, with different men, contrary to his express wish and command, sometimes absenting herself from home for two or three days and nights at a time. He therefore claims in reconvention a divorce *à vinculo matrimonii*.

The evidence to prove the cruel treatment on the part of the husband is very vague. The parties appear to have quarrelled and abused each other a good deal, but it is not so clear who was to blame. The only personal violence shown, consists in his pushing her out of the door on one occasion, but he appears to have been provoked by an insinuation on her part that he was not a gentleman, and that the owner of the house in which they lived was. It further appears that she went back into the house through the same door, and that the husband then walked off. On this occasion she cursed and abused her husband for threatening a negro girl for having told lies about the plaintiff's own daughter.

According to the principles upon which this court proceeded, after much consideration, in the cases of *Fleytas* vs. *Pigneguy*, 9 *Louisiana Reports*, 419, and of *Tourné* vs. *Tourné*, *Ibid.*, 450, we are of opinion the plaintiff has totally failed to make out a case for relief.

With respect to the demand in reconvention for a divorce, on the ground of adultery, we are of opinion, that the fact of adultery is not sufficiently established by the evidence,

*The fact that the husband and wife lived unhappily together, and sometimes cursed and abused each other, and where the husband even went so far as to push the wife out of the door, but without any hurt, will not authorize the wife to obtain judgment of separation of bed and board, with a view to a final divorce.*

*In an action for a divorce by the husband, on the ground of adultery of his wife, the fact of adultery must be fully proved. It will not suffice that her conduct be extremely suspicious to entitle him to judgment.*

WESTERN DIST. although the circumstances are extremely suspicious. Her
*September*, 1836. avowal, as alleged by the defendant, is certainly not proved.

If it had been, and he continued to cohabit with her and become reconciled to his own dishonor, and took upon himself to punish or to reform her, instead of appealing for redress to the laws of the country, it is questionable whether he could afterwards be permitted to complain. Upon the whole, we conclude, that the prayer of neither party ought to be granted. The question with this court is not whether it is best for the parties, or for society, that a separation should take place in cases like the present, but whether the parties have brought their case within the law which regulates the most important relation of social life.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided, and reversed; and it is further ordered, that the suit be dismissed, and that the plaintiff pay the costs in both courts.