, 6  403
49  898

## MARIE NAULET *v.* Her Husband, FRANCOIS DUBOIS.

Where the husband abandons his wife on account of her cruel and outrageous conduct, that abandonment does not justify a suit on her part for a separation from bed and board. Where the conduct of the party complaining has been outrageous, the remedy is first to be sought in a reformation of conduct.

APPEAL from the Second District Court of New Orleans, *Lea*, J. C. *Dufour* and *Nautré*, for plaintiff. *H. Train*, for defendant. The judgment of the court was pronounced by

ROST, J. The plaintiff sues her husband for a separation from bed and board, on the ground of abandonment. She also asks judgment for the sum of twenty-five hundred francs, the amount of her dowry, and for the further sum of three thousand six hundred dollars for paraphernal property, alleged to have been received by her husband.

The defendant resists the action; and, assuming the character of plaintiff in reconvention, also claims a separation from bed and board, on the ground of public defamation and of excesses, cruel treatment and outrages on the part of his wife, of such a nature as to render their living together insupportable. He also prays judgment for three thousand francs, alleged to have been brought by him into marriage.

The district court rejected the plaintiff's demand for a separation from bed and board and for paraphernal funds; and decreed a separation from bed and board and a dissolution of the community, on the reconventional demand. He further determined the amount due to the plaintiff for dower, and to the defendant, for property brought by him into marriage. The plaintiff has appealed.

The district judge has stated, as follows, the impression made upon his mind by the testimony of such of the witnesses examined as he thought worthy of credit: "From the period of the return of *Mrs. Dubois* to her husband in 1847, to the date of the institution of this suit, her conduct towards him appears to have been of a character to justify the conjecture that the first separation might have been owing to the impossibility of his living with one, to whose overbearing violence of temper and conduct he had neither the moral courage nor the physical strength to offer an effectual resistance. She appears to have taken almost the entire management of their pecuniary and domestic affairs. She received money, discounted notes, kept a separate account in bank, under the name of *Roque*, and kept a debtor and creditor account with her husband. The house was a scene of continual strife and turmoil, growing out of her incessant demands for money; on which occasions she treated her husband with contempt and scorn, and on one occasion resorted even to personal violence. These attacks appear to have been met, on the part of the husband, with unresisting imbecility, until, in January, 1850, he abandoned a dwelling in which a longer residence was, as he alleges, insupportable."

Under this view of the facts, in which we fully concur, the present case does not differ from that of *Lalande* v. *Jore*, in which we held, that if the conduct of the party complaining has been outrageous, the remedy must be first sought in a reformation of conduct and deportment, on the ground that the evils complained of might cease with the behaviour which has produced them. 5th Ann. 32.

NAULET
*v.*
DUBOIS.

The abandonment, charged upon the defendant, was justified by the habitual brutality and occasional violence which marked the course of the plaintiff towards him, and is not a legal cause for a separation from bed and board. But although nothing can justify the conduct of the plaintiff, and she is not in a situation to entitle her to relief at our hands, we are of opinion that the defendant himself is not free from blame; and that his culpable neglect of his wife and children, during the seventeen years they remained in Europe, in obedience to his wishes, when he had ample means to assist and support them, must have had the natural result of alienating their affection, and of aggravating the situation of which he now complains.

We have therefore come to the conclusion, that the judgment, so far as it is in favor of the defendant on the reconventional demand, should be reversed, and both parties left where their misconduct towards each other has placed them. *Durand* v. *Her Husband*, 4 M. R. 171. In making this disposition of the case, it may be useful to state our concurrence in the view taken by the district judge, of the plaintiff's claim for paraphernal funds, alleged to have been received by her husband.

It is therefore ordered, that the judgment in this case, so far as it decrees a separation from bed and board in favor of the defendant, and a dissolution and final liquidation of the community, be reversed. It is further ordered, that the judgment, so far as it is in favor of the defendant against the plaintiff, *Marie Naulet*, on her claim for a separation from bed and board, be affirmed. It is further ordered, that the demand in reconvention be dismissed: the plaintiff paying the costs of the district court; those of this appeal to be paid by the defendant.