No. 2793.—STATE, ex rel. WM. MALADY, v. THE JUDGE OF THE SEVENTH. DISTRICT COURT OF NEW ORLEANS.

In a suit for separation from bed and board by the wife against her husband, the jurisdiction of the court a qua is not lost over the case in matters not passed upon in the decree of separation, and the judge a quo may pronounce on the right of the wife to receive alimony pending the litigation, notwithstanding a suspensive appeal has been taken by the husband from the judgment of separation.

The husband can not be made to pay counsel fees of the wife in a suit for separation from bed and board, even though she may be in necessitous circumstances, and entitled to alimony pending the proceedings for separation.

APPLICATION for a Writ of Prohibition. *Race, Foster & E. T. Merrick*, for relator. *Collens*, Judge, respondent.

TALIAFERRO, J. The relator complains of the action taken by the judge of the Seventh District Court of New Orleans, in regard to a rule applied for against the relator by his wife, to show cause why he should not be decreed to pay her alimony pending proceedings by her to obtain against her husband a decree of separation from bed and board, and also to furnish her with the means to pay her attorney's fees for the prosecution of her suit.

The usual order was rendered by this court, and the judge of the Seventh District Court filed, with his answer, copies of the proceedings had in his court in reference to the matters complained of.

It appears that the wife of the relator obtained a judgment against her husband on the third of February, 1870, decreeing a separation from bed and board, a settlement and partition of the community of acquets and gains previously existing between the parties, and that the husband account for the revenues of certain real estate in the city of New Orleans, which have accrued since the institution of the wife's suit.

On the seventh of March following, and after a suspensive appeal from the judgment had been taken by the husband, it was suggested, on motion of the plaintiff's counsel, that she was in destitute circumstances, without money to procure the necessaries of life, in feeble health, and dependent upon the charity of her friends for maintenance and comfort, and therefore the husband was ordered to show cause, on the nineteenth of the current month, why he should not be condemned to pay the plaintiff, during the pendency of the suit, $150 per month as alimony, and the sum of $300 to defray her counsel fees.

The defendant appeared, and excepted, on the grounds:

*First*—That, there being a suspensive appeal from the judgment rendered in the case against him, the court is without jurisdiction to inquire into the matters set forth in the rule.

*Second*—That, even if possessed of jurisdiction, defendant is not liable for the plaintiff's counsel fees.

The court sustained the exception, so far as relates to the claim of $300 to pay counsel fees, but overruled it as to the claim for alimony, and fixed a day for trying the rule on hearing evidence.

The relator thereupon applied to this court for a writ of prohibition, to stay further proceedings in the lower court.

Article 146 of the Civil Code provides that: "If the wife has not a sufficient income for her maintenance during the suit for separation, the judge shall allow her a sum for her support proportioned to the means of the husband."

This right is incident to the action for separation from bed and board. It may or may not arise. Where it does arise, no rule of practice requires that it shall be set up in the original suit for separation. In this case, it seems it was done, but it was not passed upon by the lower court. It constitutes no part of the judgment appealed from, and is therefore not a subject matter over which the district court lost jurisdiction by the appeal. 7 M. 2; 10 Rob. 152.

The wife, having the right to claim, under the conditions stated, a maintenance " during the suit for separation," may interpose this claim at any time before a final decree of the appellate court. We see no reason why, in the present case, where the district court has not passed upon the question, the wife should be debarred the right of prosecuting this incidental demand after the rendition of the judgment. Her manner of proceeding by rule was not objected to in the lower court. The final termination of the suit may be protracted for some time to come.

The counsel of the relator argue that the decree of the lower court granted the wife revenues of certain property in lieu of the alimony claimed, and that she is estopped thereby. We do not so understand the judgment of the district court. It directs that the husband and one Mary B. Caldwell account for the rent of certain described property since the institution of the suit for separation. This accounting for rents is intended to be brought into the general settlement and partition ordered by the court to be made between the parties. It makes no provision for relieving the immediate necessities of the wife.

We think it will best comport with law and equity to permit the wife to establish, by competent evidence, her right to the maintenance she claims, if she is entitled to it, and to this end, it is ordered that the rule taken in this case by the relator be discharged, at his costs: