Amy vs. Berard.

## No. 12,471.

### CLARA AMY VS. ODILON BERARD.

The law, which provides for a separation from bed and board in certain cases, is made for the relief of the oppressed party, not for interfering in quarrels where both spouses commit reciprocal excesses and outrages.

APPEAL from the Nineteenth Judicial District Court for the Parish of Iberia.  *Voorhies, J.*

*Foster & Broussard* and *L. O. Hacker* for Plaintiff, Appellant.

*Thorpe & Muller* and *F. H. Thorpe* for Defendant, Appellee.

Submitted on briefs April 14, 1897.
Opinion handed down April 26, 1897.

The opinion of the court was delivered by

BLANCHARD, J.  This is one of those cases of marital infelicity whose grievances are, too frequently for the good of society, aired before the courts.

It is a case of crimination and recrimination—the wife against the husband, the husband against the wife—with the result of dragging forth from its closet the family skeleton and its exposure to the public gaze.

The wife sues the husband, claiming a divorce, and in the alternative, a separation from bed and board.

The causes alleged are excessive cruel treatment and his failure and refusal to provide for the family maintenance and support.

The husband enters a denial to this, and then, assuming the character of plaintiff in reconvention, charges against the wife ill usage, abuse, cruelty and bodily injury, and prays judgment against her for divorce, or, in the alternative, for a decree of separation from bed and board.

The evidence discloses a condition of affairs in this family that leaves no room for doubt that both spouses are equally blamable. Harsh treatment, habitual censure, denunciation, and even bodily violence are shown.  The marriage obligations of reciprocal forbear-

57

ance, patience and love—the taking "for better, for worse "— appear to have been disregarded by both alike.

The trial judge rejected the prayer of the wife and gave judgment for the husband on his reconventional demand, decreeing a separation from bed and board in his favor.

The reasons assigned are that "there is a preponderance of evidence in favor of defendant."

The wife appeals.

It may be defendant has shown more of cruel treatment than did the plaintiff, or was able to produce more witnesses in support of his allegations. But that does not entitle him to a decree where the testimony shows his conduct to have been as culpable as hers.

Rather should the judgment have been one rejecting the demands of both and dismissing the suit. Such is the settled jurisprudence of the State. Mutual insults and outrages, the fruit of mutual provocation, unless there be a just and palpable disproportion of guilt as between the parties, furnish no sufficient ground of action to either. Trowbridge vs. Carlin, 12 An. 882; Lallande vs. Jore, 5 An. 33; Naulet vs. Dubois, 6 An. 403; Castanedo vs. Fortier, 34 An. 135.

We affirm the doctrine, announced in a very early case, that the law which provides for a separation from bed and board, in certain cases, is made for the relief of the oppressed party, not for interfering in quarrels where both parties commit reciprocal excesses and outrages. Durand vs. Her Husband, 4 M. 174.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be set aside, avoided and annulled, and that this suit be dismissed, costs of appeal to be borne by defendant and appellee, and those of the court below by plaintiff.