(108 So. 307)

No. 27301.

## GORMLEY v. GORMLEY.

(March 29, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ⬡749—Wife's answer to husband's appeal held sufficient to authorize review of judgment on her demand.**

Where wife's direct demand for separation and husband's demand therefor by way of reconvention were dismissed, and husband perfected appeal, wife's answer to appeal and prayer for amendment of judgment was sufficient to authorize review on main demand as well as on demand in reconvention.

2. **Divorce ⬡12, 34.**

Disappointment in marriage relation and mere incompatibility of temper are not causes for judicial separation.

3. **Divorce ⬡27(1), 53.**

Excesses, outrages, and cruel treatment are causes for judicial separation of spouses, but complainant must be comparatively free from wrong.

4. **Divorce ⬡55.**

Where faults of husband and wife are nearly balanced, and are of similar nature, neither party can complain.

5. **Divorce ⬡130.**

Evidence that wife left husband because he took trip to Europe contrary to her wishes *held* not to entitle him to separation for cruelty.

6. **Divorce ⬡12.**

Question in divorce suit is not whether spouses should be separated, but whether they have brought case within law regulating marriage.

7. **Divorce ⬡182.**

Appeal from main judgment denying separation does not bring up alimony order, and district court does not lose jurisdiction of subject-matter thereof.

8. **Divorce ⬡280.**

A judgment awarding or refusing alimony is appealable.

Appeal from Nineteenth Judicial District Court, Parish of East Baton Rouge; W. Carruth Jones, Judge.

Suit for separation by Mrs. Caroline H. Gormley against Francis T. Gormley, in which defendant claimed separation by way of reconvention. Both demands were dismissed, and defendant appeals. Affirmed.

H. Payne Breazeale, of Baton Rouge, for appellant.

Shelby Taylor and Moise Thibodeaux, both of Baton Rouge, for appellee.

ROGERS, J. This is a suit in which husband and wife are claiming, reciprocally, a separation from bed and board—she in the direct action, and he by way of reconvention. Plaintiff bases her demand upon the alleged habitual intemperance and cruel treatment on the part of her husband. Defendant, in turn, sets up cruel treatment on the part of his wife. The court below dismissed both demands. The parties then appealed. Defendant perfected his appeal. Plaintiff did not, filing, in lieu thereof, an answer to plaintiff's appeal.

[1] Defendant has questioned the right of plaintiff to be heard on her demand in this court, on the ground that she has not ap-

pealed from the judgment dismissing that demand. It was not necessary that she should do so. Her answer to the appeal and her prayer for an amendment of the judgment appealed from is sufficient to authorize us to review said judgment on the main demand as well as on the demand in reconvention. Lange v. Baranco, 32 La. Ann. 697.

On the merits, we do not find any error in the judgment of the court below. Plaintiff utterly failed to prove the habitual intemperance of defendant, and the evidence offered to support her allegations of the cruel treatment which she suffered at the hands of her husband is very vague and most unsatisfactory. The parties appear, at one time during their matrimonial life, to have quarrelled and abused each other a good deal, but it is not so clear who was to blame. Plaintiff herself testified that, while her husband used strong language towards her, she retaliated in kind. At one point in her testimony she states: "We both had good tempers, and we said plenty."

[2, 3] Under our law, disappointment in the marriage relation and mere incompatibility of temper are not causes for a judicial separation between the spouses; excesses, outrages, and cruel treatment are, but always with the qualification that the complainant must be comparatively free from wrong.

[4] Where the faults of husband and wife are nearly balanced and are of a similar nature, neither party can be heard to complain in a court of justice. Durand v. Her Husband, 4 Mart. (O. S.) 174; Rowley v. Rowley, 19 La. 571; Naulet v. Her Husband, Dubois, 6 La. Ann. 403; Trowbridge v. Carlin, 12 La. Ann. 882; Castanedo v. Fortier, His Wife, 34 La. Ann. 135; Amy v. Berard, 22 So. 48, 49 La. Ann. 897; Ducros v. Ducros, 101 So. 407, 156 La. 1034; Snell v. Aucoin, 104 So. 709, 158 La. 767.

[5] With respect to the demand in reconvention, we are of opinion that the facts alleged and proved are not sufficient for us to grant defendant any relief. Defendant is now, and has been for many years, the coach and trainer of the athletic team of the state university. His main cause of complaint against his wife is that she objected to the European trip for the purpose of attending the Olympic Games offered him in the year 1924 by the students and others interested in the university. She not only threatened to leave him if he went on the trip, but actually did so upon his refusal to accede to her wishes. Under these circumstances, defendant's action, if he has any at all, arises under the articles of the Civil Code (art. 138 et seq.), specifically permitting one of the spouses to obtain a separation from bed and board upon the ground of the abandonment of the matrimonial domicile by the other spouse and prescribing the procedure to be followed in such a case.

[6] Counsel for the parties have argued that the matrimonial relation is so strained as to render their living together impossible, and, with much earnestness, have urged upon us the advisability of putting an end to the unfortunate situation by entering up a decree in favor of their respective clients. We are unable to do this. The question with this court is not whether it is best for the parties, or for society, that they should be judicially separated, but whether they have brought their case within those provisions of the law which regulate the most important relation of social life. Cooper v. Cooper, 10 La. 249.

[7, 8] Plaintiff complains of the action of the defendant in discontinuing the payment of alimony after the dismissal of her suit. She prays, in her answer to the appeal, that the alimony be increased from $75 to $100 per month, and that defendant be ordered to pay said alimony as thus increased from April 1, 1925, and pending the result of this litigation. The alimony here was fixed by the court be-

low after a hearing on a rule taken for that purpose. It constitutes no part of the judgment appealed from. The appeal from the main judgment, and the answer thereto, has not brought up to this court the particular order rendered prior thereto on a special rule. A judgment awarding or refusing alimony is in itself appealable. The wife's claim for alimony in this case, therefore, is not a subject-matter over which the district court had lost jurisdiction by the appeal. State ex rel. Malady v. Judge, 22 La. Ann. 264. See, also, Carroll v. Carroll, 19 So. 872, 48 La. Ann., at page 842.

For the reasons assigned, the judgment appealed from is therefore affirmed.