HIGGINS, Justice.
 

 This is an action by wife against her husband for separation from bed and board on the grounds of public defamation and cruel treatment. The petitioner alleges a general course of ill treatment during the last five years, culminating in three par
 
 *587
 
 ticular instances of violent abuse, cursing, and defamation during August, 1933, the Christmas week of 1933, and January 15, 1934.
 

 Defendant denied the allegations of the petition and averred that he and his wife had only engaged in minor quarrels.
 

 There was judgment in favor of the defendant, dismissing the suit, and the plaintiff has appealed.
 

 The record shows that plaintiff and defendant have been married nineteen years and that there are four children born of the union, the eldest being sixteen years of age; that the defendant is presently and has been employed as a mill foreman by the American Turpentine & Tar Company, of this city, for many years, his salary having been recently increased from $186. per month to $233 per month; that he has always been a “good provider,” giving his family a comfortable well-furnished home, radio, and automobile; that he has always been devoted to his children, and enjoys a good reputation for peace and quiet in the neighborhood in which he lives; that his wife was in ill health due to a stone in one of her kidneys and the renal cholics became so severe it was necessary to remove the kidney; that he provided her with good medical attention and hospitalization; and that she recovered from the operation but was not strong thereafter.
 

 The evidence also shows that a number of disputes arose between the parties about minor domestic matters, and both parties engaged in heated words, calling each other uncomplimentary names.
 

 Plaintiff, her two sisters, and her father testified that her husband was quarrelsome and when his temper was aroused he would call her certain vile and profane names and also accuse her of infidelity with a young man who was courting one of plaintiff’s sisters. This young man subsequently married the young lady and testified as a witness for the plaintiff, but he failed to corroborate the story of the plaintiff and her sisters as to the alleged abuse and threat to kill his wife on January 15, 1934.
 

 Defendant produced nine witnesses, one his nephew who resided with him for a nqmber of years, neighbors who lived in the same apartment building with plaintiff and her husband and who visited them, and neighbors whose homes were adjacent to the apartment in which defendant and his family lived and who also visited in their home. All of these witnesses testified that they had never heard the plaintiff cursing and abusing his wife and that to all appearances there was no domestic trouble. One of these witnesses stated that on one occasion she heard loud talking in the defendant’s apartment, but she did not know who was talking.
 

 Defendant denied that he had ever called his wife any vile names, and with reference to the accusation of familiarity with the young man, who subsequently married plaintiffs sister, he explained that in jest
 
 *589
 
 he stated to his wife that he did not know who was being courted by the young man, plaintiff or her sister.
 

 The testimony of both the plaintiff and the defendant shows that since this suit has been filed they have taken automobile rides with their children and have had several meals together, and that plaintiff has visited the apartment building where defendant continues to maintain the family home. These parties have had several estrangements heretofore, but each time they have been reconciled.
 

 If the 'husband had abused and cursed the wife to the extent described by her and her witnesses, we feel certain she would not have been as friendly with him as the evidence shows she was even after filing this suit. It appears to us that there has been some exaggeration.
 

 In the case of Gormley v. Gormley, 161 La. 121, 122, 108 So. 307, 308, the wife sued the husband for separation from bed and board on the grounds of habitual intemperance and cruel treatment. The court concluded from the evidence that the husband and wife had engaged in quarreling and abusing each other a great deal, both retaliating with like vituperation. The court said:
 

 “Under our law, disappointment in the marriage relation and mere incompatibility of temper are not causes for a judicial separation between the spouses; excesses, outrages, and cruel treatment are, but always with the qualification that the complainant must be comparatively free from wrong.”
 

 See, also, Smith v. Smith, 116 La. 1005, 41 So. 238.
 

 In the case of Amy v. Berard, 49 La. Ann. 897, 22 So. 48, it was held:
 

 “The law which provides for a separation from bed and board in certain cases is made for the relief of the oppressed party, not for interfering in quarrels where both parties commit reciprocal excesses and outrages.”
 

 From the facts as presented, the court found that both spouses were equally blamable and • said, 49 La. Ann. 897, on page 898, 22 So. 48:
 

 “Mutual insults and outrages, the fruit of mutual provocation, unless there be a just and palpable disproportion of guilt as between the parties, furnish no sufficient ground of action to either.”
 

 This is a case where mutual patience, forbearance, and respect would have eliminated a lot of unpleasantness and would have been for the best interest of the husband and wife, and particularly their minor children.
 

 The trial court having concluded that plaintiff was not entitled to a. separation from bed and board, and only a question of fact being involved in any event, we cannot say that manifest error was committed. Johnson v. Goodlett, 152 La. 294, 93 So. 99.
 

 For the reasons assigned, the judgment is affirmed.