FOURNET, Justice.
 

 This is a suit for separation from bed and board instituted by the wife against her husband on the grounds of cruel treatment and public defamation, in which the defendant reconvened on similar grounds and the additional ground of abandonment. There was judgment in the lower court rejecting plaintiff’s demands and granting defendant’s reconventional demand. The plaintiff has appealed.
 

 Plaintiff’s action is based on the allegations in her petition that her husband publicly defamed her by calling her vile names a number of times, in the presence of third persons, particularly on March 26, 1937; and that he was guilty of cruel treatment towards her of such a nature as to render their living together insupportable, having beaten her and threatened to kill her with a knife on March 28, 1937-
 

 Defendant denied these allegations, and in his reconventional demand averred that his wife and her relatives “abused, cursed and nagged him constantly and continuously” since his marriage to the plaintiff, on November 29, 1936, until she deSerted him four months later, on March 28, 1937; that on the next day, while he was at work, she removed all the furniture from the house, leaving his clothes on the floor, and locked the house; and that she falsely and maliciously accused him in her petition for a separation of having beaten and threatened to kill her.
 

 The trial judge sustained the position of the defendant and, in his reasons for judgment, stated that the plaintiff “is very pugnacious and bellicose” and that she led her husband “a most, pitiful life almost from the very beginning of their marriage.”
 

 This court, in the case of Amy v. Berard, 49 La.Ann. 897, 22 So. 48, affirmed
 
 “the
 
 doctrine announced in a yery early case, that the law which provides for a separation from bed and board in certain cases is made for the relief of the oppressed party, not for interfering in quarrels where both parties commit reciprocal excesses and outrages. Durand v. Her Hus
 
 *681
 
 band, 4 Mart. (O.S.) 174.” See, also, Trowbridge v. Carlin, 12 La.Ann. 882; Castanedo v. Fortier, 34 La.Ann. 135, 136.
 

 A mere reading of the plaintiff’s own testimony convinces us of the correctness of the trial judge’s impression of the plaintiff. Her testimony and that of her witnesses — -her sister and her uncle — unfavorably impressed us as it did the trial judge. On the other hand, we are of the opinion that the defendant did everything within his means and ability to make their married life happy and contented, but because of the constant abuse and nagging by his wife and her relatives, from the very beginning of their married life, their living together is “insupportable” within the meaning and contemplation of the Revised Civil Code, article 138.
 

 For the reasons assigned, the judgment of the lower court is affirmed; all costs to be paid by plaintiff.
 

 HIGGINS, J., absent.