91 So.2d 591 (1956)
231 La. 430
Bessie BORNE, Wife of Alexander FOUQUIER
v.
Alexander FOUQUIER.
No. 42370.
Supreme Court of Louisiana.
March 26, 1956.
On Rehearing November 5, 1956.
*592 Blanchard & Blanchard, C. A. Blanchard, Donaldsonville, for appellant.
Harold L. Molaison, Robert I. Broussard, Gretna, for appellee.
MOISE, Justice.
Plaintiff-wife filed suit against her husband for a separation of bed and board on the grounds of cruelty, and the defendant-husband reconvened and asked for a like judgment on the same grounds. Defendant appeals from a judgment rendered in plaintiff's favor.
The parties lived together for twenty-two years, and there was no issue of the marriage.
The wife devoted herself to managing and supervising a grocery store and later a bakery, in which they were mutually engaged. She handled all the money from these businesses, and being a shrewd woman and a good manager she emassed a sizeable community. The husband worked for a ship-yard during World War II, but, thereafter, he did menial chores delegated to him by the wife. The wife asserted a superior attitude toward her husband, and he succumbed to a position of inferiority in relation to her. There was constant quarrelling and bickering between them in private and in public, which rendered their living together insupportable.
The facts go to show that both parties were at fault. But, the trial judge, who saw and heard the witnesses and evaluated their testimony, and who observed everything that transpired in the courtroom that was not susceptible of being taken down by a stenographer, decided the case in favor of the plaintiff-wife.
In Olivier v. Abunza (Olivier), 226 La. 456, 76 So.2d 528, 530, we stated:
"This Court has a rule, which is but a splendid affirmative in determining evidence taken by another court, that where the judge has seen, has heard, and has observed the witnesses and the many things that transpire in a courtroom which are not susceptible of being taken down by a stenographer, that his judgment on a question of fact will never be disturbed unless manifestly *593 erroneous. Rosenthal v. Gauthier, 224 La. 341, 69 So.2d 367; Nalty v. Nalty, 222 La. 911, 64 So.2d 216; Moser v. Moser, 220 La. 295, 56 So.2d 553." See, also, Sunseri v. Westbank Motors, 228 La. 370, 82 So.2d 43; Saunders v. Walker, 229 La. 426, 86 So.2d 89; McMahon v. Manufacturers Casualty Co., 227 La. 777, 80 So.2d 405; Smith v. Westchester Fire Insurance Company of New York, 227 La. 812, 80 So.2d 418.
Here, the trial judge was not manifestly erroneous in granting this separation of bed and board in favor of the plaintiff-wife.
Separations as in the instant case have increased from year to year. Our laws are not too lax, and marital misery cannot be decreased by lessening the rigor of the law. If a woman does not honor her husband above all other men, she should not be compelled to share his bed; if a man does not love his wife, happiness cannot abide in their home. People who do not desire to live together should be allowed to separate, if the grounds urged come within the provisions of the articles of our LSA-Civil Code (136 et seq.). It is a matter which husbands and wives are in the main compelled to decide for themselves. They have entered into a civil contract to make each other happy, and the law cannot make people virtuous or happy. Our courts have no jurisdiction over hearts, and we cannot prevent mistakes in marriages.
Judgment affirmed.
McCALEB, J., concurs in the decree.

On Rehearing
FOURNET, Chief Justice.
Alexander Fouquier is appealing from a judgment of the District Court in favor of his wife, the plaintiff Bessie Borne, decreeing a separation from bed and board and allowing her $600 for attorney's fees; and dismissing his reconventional demand for a separation from bed and board following his general denial of her charges.[1]
A rehearing having been granted on the husband's application, we have again reviewed all testimony and are fortified in the correctness of our finding on original hearing: that the parties were mutually at fault. Consequently, under our jurisprudence the rule is well settled that where the faults of husband and wife are nearly balanced and are of a similar nature, neither party can be heard to complain in a court of justice. Durand v. Her Hu band, 4 Mart.,O.S., 174; Naulet v. Her Husband, Dubois, 6 La.Ann. 403; Trowbridge v. Carlin, 12 La.Ann. 882; Castanedo v. Fortier, 34 La.Ann. 135; Amy v. Berard, 49 La.Ann. 897, 22 So. 48; Ducros v. Ducros, 156 La. 1033, 1034, 101 So. 407; Snell v. Aucoin, 158 La. 767, 104 So. 709; Gormley v. Gormley, 161 La. 121, 108 So. 307; McKoin v. McKoin, 168 La. 32, 121 So. 182; Artigues v. Artigues, 172 La. 884, 135 So. 665, 76 A.L.R. 981; Faucheux v. Faucheux, 178 La. 794, 152 So. 527; Temperance v. Herrmann, 191 La. 696, 186 So. 73.
A detailed narration of the counter-accusations and recriminations would serve no useful purpose; suffice to say that this union of more than twenty years has never been remarkable for a courteous and considerate relationship between the spouses, and the testimony is replete with claims of mutually abusive and insulting language. Moreover, we are not impressed with the proof offered by either side; each of the parties directly contradicted charges made by the other, their respective testimony is for the most part uncorroborated, and it is *594 evident that much of the insulting language on the part of one spouse was provoked by the actions or statements of the other.
For the reasons assigned, that part of the judgment of the lower court dismissing the reconventional demand of the defendant, plaintiff in reconvention, is affirmed; and the part of the judgment in favor of plaintiff wife, decreeing a separation from bed and board against her husband and for $600 as attorney's fees, and enjoining the defendant from disposing of any of the community property, is reversed and set aside, and the plaintiff's suit is dismissed, all at her cost.
MOISE, J., concurs.
NOTES
[1] The grounds alleged as cause of action by both parties were various acts of abuse which, though not physical, were said to constitute cruel and inhuman treatment of such a nature as to render their living together insupportable. There are no children of the marriage, and alimony was not sought. An inventory in the record shows a community of acquets and gains valued at $30,563.77.