On Rehearing
FOURNET, Chief Justice.
Alexander Fouquier is appealing from a judgment of the District Court in favor of his wife, the plaintiff Bessie Borne, decreeing a separation from bed and board and allowing her $600 for attorney’s fees; and dismissing his reconventional demand for a *435 separation from bed and board following his general denial of her charges.[1]
A rehearing having been granted on the husband’s application, we have again reviewed all testimony and are fortified in the correctness of our finding on original hearing: that the parties were mutually at fault. Consequently, under our jurisprudence the rule is well settled that where the faults of husband and wife are nearly balanced and are of a similar nature, neither party can be heard to complain in a court of justice. Durand v. Her Husband, 4 Mart.,O.S., 174; Naulet v. Her Husband, Dubois, 6 La.Ann. 403; Trowbridge v. Carlin, 12 La.Ann. 882; Castanedo v. For-tier, 34 La.Ann. 135; Amy v. Berard, 49 La.Ann. 897, 22 So. 48; Ducros v. Ducros, 156 La. 1033, 1034, 101 So. 407; Snell v. Aucoin, 158 La. 767, 104 So. 709; Gormley v. Gormley, 161 La. 121, 108 So. 307; McKoin v. McKoin, 168 La. 32, 121 So. 182; Artigues v. Artigues, 172 La. 884, 135 So. 665, 76 A.L.R. 981; Faucheux v. Faucheux, 178 La. 794, 152 So. 527; Temperance v. Herrmann, 191 La. 696, 186 So. 73.
A detailed narration of the counter-accusations and recriminations would serve no useful purpose; suffice to say that this union of more than twenty years has never been remarkable for a courteous and considerate relationship between the spouses, and the testimony is replete with claims of mutually abusive and insulting language. Moreover, we are not impressed with the proof offered by either side; each of the parties directly contradicted charges made by the other, their respective testimony is for the most part uncorroborated, and it is evident that much of the insulting language on the part of one spouse was provoked by the actions or statements of the other.
For the reasons assigned, that part of the judgment of the lower court dismissing the reconventional demand of the defendant, plaintiff in reconvention, is affirmed; and the part of the judgment in favor of plaintiff wife, decreeing a separation from bed and board against her husband and for $600 as attorney’s fees, and enjoining the defendant from disposing of any of the community property, is reversed and set aside, and the plaintiff’s suit is dismissed, all at her cost.
MOISE, J., concurs.

. The grounds alleged as cause of action by both parties were various acts of abuse which, though not physical, were said to constitute cruel and inhuman treatment of such a nature as to render their living together insupportable. There are no children of the marriage, and alimony was not sought. An inventory in the record shows a community of acquets and gains valued at $30,563.-77.