LECHE, J.
The question to be decided in this appeal is whether the evidence adduced on the trial of the case and the law pertinent thereto sustain the judgment of separation from, bed and board, which plaintiff obtained against the defendant, her husband, on March 26, 1923.
The parties were married in the city of New Orleans May 11, 1905, where they have resided continuously as man and wife, until the 6th day of July, 1922, when the present suit was filed. Plaintiff, alleging that she and her husband had accumulated a considerable amount of property, prays, incidentally with her demand for separation, for alimony and for the taking of an inventory of the property of the community together with an order *400 ".restraining and enjoining defendant from incumbering, parting with, or disposing of any part of said property in his possession or under his control, pending the determination of the suit,
In this court. the parties have confined their arguments almost exclusively to a discussion of the sufficiency of the evidence upon which plaintiff relies to sustain her demand 'for separation. It seems that in the early part of the afternoon of July 4, 1922, defendant entered the bed chamber which he and his wife occupied, in quest of a key which was kept in the drawer of a dresser. After finding the key, he kept on fumbling in the drawer among articles of wearing apparel belonging to his wife, until he found her personal deppsit bank book. He took the bank book, was examining it, and was about to carry it away, when she objected and remonstrated with him. Then began an animated discussion, growing into a quarrel, in which plaintiff testifies she was cursed and abused and then severely assaulted and beaten by defendant. The noise and commotion soon attracted other persons upon the premises, the police was summoned by telephone, and order and quiet was finally restored.
Plaintiff filed the present suit on Jhly 6, 1922, and she removed at once to her mother’s horde on State street, where she was assigned a temporary domicile by the court.
The parties are Syrians, engaged in operating a general merchandise store on Royal street in the city of New Orleans, and they reside in a suite of rooms located on the upper floor of the building, in which they conduct their business. There were two eyewitnesses to the difficulty. One was a house servant, May Thibodaux, and the other a Syrian boy, Monir Saba.
May Thibodaux left her employment immediately after the occurrence and returned to her home at Kinder, La. She remained in Kinder until October following, when she was visited by defendant, .who prevailed upon her to return to New Orleans to resume work for him. She was still engaged in that occupation on January 23,1923, when her testimony was given on the trial of this case. Her reticence, her evasive answers; her feigned ignorance of facts which were undoubtedly well, known to her, and the frivolous excuses which she offers for her movements after she had witnessed the fracas between the parties, are apparent on the face of her recorded testimony. She attempts to show that the assault was made by plaintiff upon the defendant. She denied the truth of several statements which she had made to other persons, at a. time not suspicious. Her testimony in regard to the controverted facts in the case impresses us as not worthy of belief.
On the other hand, the boy Monir Saba, although quite young, appears to have testified in an intelligent and straightforward manner. His version of the assault corroborates plaintiff’s testimony.
The evidence shows that there was a violent and unjustifiable assault committed by defendant upon his wife; that she was bruised about the mouth, oh the back part of her neck, and'about her body. Evidence of these injuries was seen by Mrs. Saba, Mrs. Mitchell, and by Dr. Matas. Plaintiff’s cries of distress during the altercation were heard by S. J. MeMain and others.
The police officers who arrived at the house after the altercation saw nothing and. believing that it was only an ordinary family row, did not attempt to gather any evidence and left the premises without making any arrest. Their testimony, isi entirely of a negative character.
There was an attempt made by defendant to show condonation and reconciliation after the estrangement-caused by the assault, but propriety forbids an analysis of that testimony in this opinion. Suffice it to say that *402 we do not believe the evidence supports that defense.
 Defendant also presses in argument that, the policy of the law being against the dissolution of the bonds of marriage, the court should not, after a single act of cruel treatment, grant the prayer of plaintiff’s demand. But there is no rule of law requiring that there be more than one single instance of cruel treatment, to justify a decree of separation from bed and board. Veal v. Veal, 140 La. 879, 74 South. 181. And again it sufficiently appears from the evidence in the record that there had been previous difficulties between the parties. Plaintiff testifies that for two years prior to the institution of this suit, her husband’s conduct towards her was rude and abusive to such an extent that she was compelled to go and seek peace in her mother’s home, where he would come and see her and prevail upon her to return. This evidence was pertinent and admissible under article 153, C. C.
We believe that the finding of thé trial court is sustained by the evidence in the record and, discovering no reversible error,
It is ordered that the judgment appealed from be affirmed.
Rehearing refused by Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.