(122 So. 888)

No. 29309.

SIMPKINS v. SIMPKINS.

May 20, 1929.

Craig, Bolin & Magee, of Mansfield, for appellant.

Pegues & Pegues, of Mansfield, for appellee.

OVERTON, J. This is a suit for separation from bed and board on the ground of cruelty. The suit involves a demand for the care and custody of two minor children, the issue of the marriage, one three years of age and the other three months; also demands for alimony, for the liquidation of the community, for attorney's fees, and for an injunction to restrain defendant from disposing of the community property pending the suit. There was judgment below in favor of plaintiff, granting her the separation, the custody of the children, $50 a month alimony for the benefit of herself and her two children, awarding her $150 attorney's fees, recognizing her right to one-half of the community property, and ordering the injunction to issue and perpetuating it.

It is elementary that cruel treatment of one of the spouses by the other, of such a nature as to render their living together insupportable, is ground for a separation from bed and board. Civil Code, art. 138; Moclair v. Leahy, 36 La. Ann. 583; Sliman v. Sliman, 155 La. 397, 99 So. 343. In the case at bar, though the evidence is conflicting, it establishes such a case. It appears from the weight of the evidence that the husband kicked, struck, and grossly abused his wife, and finally drove her and her children to her father's house, and, as she alighted from the automobile, informed her, in response to a query of hers, that he would not return for her, and told her to remain at her father's.

Defendant, while denying that he struck and mistreated his wife, urges that she was guilty of such misconduct as to defeat her action, within the rule that, where the faults of the husband and wife are nearly balanced and are of a similar nature, neither party can be heard to complain. Gormley v. Gormley, 161 La. 121, 108 So. 307. It suffices, however, to say that defendant has not established the misconduct of the wife complained of by him. Defendant's treatment of his wife was not justified or excusable. She is entitled to the separation.

The contention of the defendant that his wife is not entitled to alimony cannot be maintained. This contention rests upon the supposition that neither the demand for alimony nor the proof thereunder shows that his wife is in need of alimony. While both the demand and the proof might have been clearer, yet both, we think, show that the wife requires alimony for her maintenance. Both of the parties are colored, and the husband is by profession a dentist. The alimony allowed is justified by his income, which we find exceeds $1,800 a year. Plaintiff asks us to increase the alimony, but, in our view, the evidence does not justify an increase.

Plaintiff has asked that the attorney's fees allowed be increased to $200, especially in view of the appeal taken. We think, however, that $150 in this case is a proper fee.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., absent, takes no part.