PONDER, Justice.
 

 This is an appeal by the defendant, husband, from a judgment in favor of the plaintiff, wife, for separation from bed and board.
 

 The plaintiff sought separation from bed and board on the grounds of slander and defamation and of cruel treatment. It is alleged in' her petition to the effect that her husband made slanderous and defamatory statements about her in the presence of their child and in the presence of other persons; that he accused her of being no good and of selling or renting her body to others; that he embarrassed, criticised and humiliated her in the presence of her friends; that he would do anything that he thought would embarrass or annoy her; and that they had not lived together as man and wife for the last three years.
 

 The defendant denied that-he had slandered and defamed his wife and denied the cruel treatment. However, the defendant admitted that he and his wife had lived separate and apart for the last two and a half years but'averred'that he had just cause for so doing. The defendant averred that his wife had an ungovernable temper and had scratched,' bitten and kicked him. There was no reconventional demand for separation from bed and board or for divorce.
 

 Without going into a detailed narration of the testimony the record Shows that there was testimony adduced on the trial in behalf of the plaintiff that on several occasions the defendant abused the plaintiff in the presence of their friends and that the defendant accused her of acts which amounted to slander and defamation.
 

 After careful review of all the testimony in this case we are of the opinion that, the judgment of the lower court is correct. If we had any doubt as to the correctness of the testimony offered in behalf of the plaintiff it would be entirely dispelled by the attitude of the husband on the trial of this case. The husband attempted to prove
 
 *699
 
 that the plaintiff was a party to or a go-between in illicit adulterous relations between a married woman and a married man. The only evidence as to this relation is that based entirely upon suspicion and the record is absolutely void of any testimony of facts to support the defendant’s contention. The defendant had employed three detectives prior to the institution of this suit to spy upon his wife because of the defendant’s suspicion of wrong doing on the part of his wife. The testimony of the detectives shows no fact to prove any wrong doing on the part of the wife. We do not find any testimony that supports the suspicion of the defendant of other wrongful acts on the part of the wife. It could only be reasonable to believe the testimony of the wife to the effect that the husband had made slanderous statements about her and accused her of wrong doing in the presence of other persons prior to the institution of this suit in view of the fact that the defendant on the trial of this case without just grounds is now accusing the plaintiff of wrongful acts and acts of a slanderous nature. It is only reasonable to believe that the wife told the truth and that the other evidence offered on her behalf was true. If the defendant now accuses her of wrong doing without reasonable grounds it would be reasonable to believe that the husband had made prior slanderous statements. The evidence shows that the cruel and unwarranted treatment by the husband has been such that they have been living separate for the last two and a half years and there is nothing to show that there is any probability of their ever becoming reconciled.
 

 The defendant’s counsel urges that disappointment in the marriage relation and mere incompatibility is not a sufficient ground for separation from bed and board, citing Gormley v. Gormley, 161 La. 121, 108 So. 307, and other cases to that effect. We have no fault to find with these decisions but they are not applicable to this case. All of those cases hold to the effect that where the faults of the husband and wife are nearly balanced and of a similiar nature that neither party can be heard to complain in a court of justice. From the evidence in this case the faults are not equal and are not of a similiar nature. The very attitude of the defendant on the trial of the case in attempting to attack the good name of his wife on mere suspicion and the fact that the evidence introduced by him to that effect failed to disclose any fact from which he might reasonably base such a suspicion shows that he is unreasonably suspicious and jealous and tends to corroborate the plaintiff’s testimony of cruel and unreasonable treatment and his unreasonable tendency to accuse her of wrong doing.
 

 For the reasons assigned, the judgment is affirmed at appellant’s cost.
 

 O’NIELL, C. J., does not take part.