ROGERS, Justice.
 

 The parties to this suit are husband and
 
 [1]
 
 wife. They were married in the Village of Abita Springs, Louisiana, on August 8, 1937, and have continuously maintained their matrimonial domicile in the city of New Orleans. No children have been born, of the marriage. On December 31, 1943,, plaintiff, alleging cruel treatment, sued her husband for separation from bed and board and for alimony. Defendant, answering the suit, denied the' allegations of the petition and by .way of reconvention, alleging the cruelty of his wife towards him, asked that he and not plaintiff be awarded a separation from bed and board.
 

 The case was tried in the district court on the merits and judgment was rendered in favor of plaintiff decreeing a separation from bed and board, awarding her alimony at the rate of $10 a week and dismissing the reconventional demand. Defendant is, appealing from the judgment.
 

 Counsel for defendant insists that the testimony introduced on the trial of the case is wholly insufficient to support the judgment of separation from bed and board obtained by plaintiff against her husband. Counsel is in error. The testimony amply supports the judgment.
 

 
 *1093
 
 Cruel treatment of one of the spouses by the other, of such a nature as to render their living together insupportable, is ground for separation from bed and board. Civ. Code, art. 138.
 

 It appears from the weight of the testimony that in the latter part of 1943 differences arose between the spouses due in the main to a change in the attitude of the husband towards his wife. He began to abuse her and curse her and refused to give her any money for living expenses. On several occasions he stayed away from home all night without offering his wife any explanation for his absence. During the Christmas Season of 1943, in particular, defendant’s conduct towards his wife was calculated to destroy her peace of mind and happiness and was utterly inconsistent with the legitimate ends and objects of matrimony. Defendant remained away from home Christmas Day and Christmas Night, leaving plaintiff to spend Christmas alone in their apartment. Defendant returned home at about 9:30 o’clock at night on the day after Christmas and when asked by his wife where he had been stated that it was “none of her business.” Defendant accused plaintiff of taking the keys to his automobile, which accusation she denied. In the quarrel which ensued between them defendant assaulted plaintiff, dragging her to the front door through which he attempted to throw her — clothed in nothing but her nightgown. On this occasion he cut her hand slightly with a knife that he took out of his pocket. Plaintiff’s cries brought to the door of a neighboring apartment a lady to whom plaintiff claims defendant was paying attention.
 

 On another occasion plaintiff was humiliated and embarrassed by defendant when she accompanied him in their automobile to the gate of the defense plant where he worked. The testimony indicates that each of the parties desired to use the automobile that day and they engaged in a rather heated argument concerning its disposition. When they reached the gate of the plant, defendant, instead of informing the guard stationed there that plaintiff was his wife and request that she be asked to leave pretended that plaintiff was a strange woman who was trying to get into the plant without a badge or means of identification. As a result of this, plaintiff was taken to the guardhouse where, after she had explained the true situation, she was released. Defendant did not return to the matrimonial domicile that night, but he came there later the next day. He was in an angry mood at the time due to the fact that officials of the defense plant where he was employed caused an investigation to be made of his possession of certain tools with a view of ascertaining whether or not the tools were the property of the plant. Charging that she had brought about this investigation, defendant abused his wife, threatened to strike her, and finally ordered her out of the house. Shortly after her departure from the house, the wife instituted this suit.
 

 Defendant, while denying that he mistreated his wife, urges that she was guilty of such misconduct as to defeat her action under the rule that where the faults of the spouses are nearly balanced and are of a similar nature neither can be heard to complain. Gormley v. Gormley,
 
 *1095
 
 161 La. 121, 108 So. 307; Temperance v. Herrmann, 191 La. 696, 186 So. 73. It suffices to say, however, thht the alleged acts of misconduct of the wife, even if true, are not sufficient to bring the case within the rule invoked by defendant. His treatment of his wife was not justified or excusable. She is entitled to the separation.
 

 There was an attempt made by defendant to show that plaintiff desired to effect a reconciliation, and for that purpose he offered in evidence a letter written to him by plaintiff some time after she had instituted her suit. The letter is couched in affectionate terms and indicates plaintiff’s willingness for defendant to return to her. After being shown the letter on cross-examination, plaintiff was asked if she was willing to live with her husband or if she had changed her mind since writing the letter. She stated that she had changed her mind and that she was not willing to live with defendant because she found out that he was going out “with a lady friend” of hers. On the other hand, the testimony is clear that defendant is not willing to become reconciled to his wife and to resume their marital relations.
 

 Defendant contends that his wife is not entitled to any alimony. The trial judge thought otherwise and allowed her alimony at the rate of $10 per week. We find no reason to disturb the judgment.
 

 Plaintiff has answered the appeal and asked that she be allowed attorney’s fees in the sum of $250, alleging that the trial judge inadvertently failed to allow'her any attorney’s fees. In the alternative plaintiff asked that if for any reason this Court should not allow attorney’s fees in this proceeding that her right to claim the fees in another proceeding be specially reserved.
 

 • Since the trial judge did not dispose of the question of attorney’s fees, this Court in the exercise of its appellate jurisdiction is not in a position to pass upon that question. The case, however, will be remanded in order that the question of the attorney’s fees claimed by the wife may be passed on in the district court. Jones v. Jones, 200 La. 911, 9 So.2d 227.
 

 For the reasons assigned, the judgment in favor of plaintiff decreeing a separation from bed and board between the parties, awarding plaintiff alimony at the rate of $10 per week, and dismissing defendant’s reconventional demand is affirmed. The case is remanded in order that the district court may adjudge plaintiff’s demand for attorney’s fees. Defendant is to pay all costs of suit.
 

 [1]
 

 207 La. 1085.