HARDY, Judge.
This action was instituted by plaintiff wife, praying for a decree of separation from bed and board on the ground of cruelty; for provisional custody of two minor children, together with alimony on behalf of plaintiff and the said minors, pendente lite; for dissolution of the community and recognition as owner of an undivided one-half interest in the property belonging thereto; and for injunctive relief prohibiting the defendant husband from disposing or encumbering any property belonging to the community. Responsive to plaintiff’s petition, a rule nisi was issued ordering defendant to show cause why plaintiff should not be awarded the custody of the minor children, allowed alimony pendente lite, and why a preliminary writ of injunction should not issue. Defendant filed an answer of general denial, and asserted a reconventional demand under which he prayed for a judgment of separation from bed and board in his favor on the grounds of cruelty and desertion, and for other appropriate relief, including custody 'of the minor children.
After hearing on the rule nisi, judgment was rendered awarding plaintiff wife custody of the minor children, and further ordering defendant to pay alimony, pendente lite, in amounts fixed by said judgment. No appeal was taken from this judgment rendered on November 15, 1961, and, accordingly, the issues disposed therein are not before this court.
After trial on the merits motions for a new trial were filed by both parties and granted by the court. After retrial on the merits, the demands of plaintiff and the re-conventional demands of defendant • were rejected and their respective claims dismissed. From this judgment plaintiff has appealed and defendant has answered the appeal, praying for affirmance of the judgment to the extent that it rejected plaintiff’s demands, reversal of the judgment insofar as it dismissed defendant’s recon-ventional demands, and annulment of the judgment of November IS, 1961, granting plaintiff custody of the children and alimony pendente lite.
By reason of defendant’s failure to appeal from the judgment on rule awarding custody of the children and fixing alimony, as above noted, we must restrict the issue *448 involved by this appeal and the answer thereto to the correctness of the judgment dismissing the opposed demands of both parties. This involves purely a factual question.
We have carefully examined the record and find that the basis for the alleged cruel treatment on the part of defendant husband largely rests upon the contended use of vile and profane language toward plaintiff wife and the appearance of a red substance on a handkerchief of the defendant husband, which the wife asserted to be lipstick and the husband contended to be strawberry stains. The reconventional demand of the husband is primarily based upon the contention of constant nagging on the part of the wife.
The record further shows that these parties had been involved in a similar action for a separation on practically the same grounds, followed by a reconciliation a comparatively short time prior to the institution of this action.
The district judge had by far a better opportunity, through his direct observance of the witnesses in this case, than we possess with respect to the evaluation of the testimony and a determination of the facts. Insofar as the record before us is concerned, we can find nothing which would justify a conclusion of error, manifest or otherwise, on the part of the trial court.
We note that the judgment appealed from assessed the costs equally against plaintiff and defendant. The record does not indicate that plaintiff has any independent income or separate estate, and, for this reason, the assessment of costs against her would appear to be vain and futile. Accordingly, the judgment appealed from is amended to the extent of assessing the costs of this litigation in both courts against the defendant, as head and master of the community, and, as amended, it is affirmed.