GUY E. HUMPHRIES, Jr., Judge.
The parties to this suit are husband and wife. They were married in Jefferson Parish, Louisiana, on November 23, 1960⅜. and both remained domiciled there as husband and wife until August 27, 1961, at which time plaintiff left their home. They have remained separate and apart since that time. No children have been born to the marriage, but plaintiff-appellee had one son, Bruce, by a previous marriage. On August 29, 1961, plaintiff alleging cruel treatment, sued her husband for separation from bed and board and alimony. Defendant, answering the suit, denied the allegations of the-petition and by way of reconvention, alleging abandonment, asks that he and not plaintiff be awarded a separation from bedi and board. The case was tried in the district court on the merits and judgment was rendered in favor of plaintiff, decreeing a separation from bed and board, awarding her alimony pendente lite in the amount of One Hundred Seventy-five and 00/100 ($175.00) Dollars per month, and dismissing the reconventional demand. Defendant appeals from the judgment both as to the granting of the separation to the wife andi the amount of alimony.
Counsel for defendant, in brief, asks for a reversal of the lower court’s judgment not because of mistaken conclusion of facts, but rather because of a mistaken application of the pertinent Louisiana law to the facts. Defendant’s request for reversal is predicated upon the proposition that it is axiomatic that where mutual fault exists neither party is entitled to a separation based on cruel treatment. Defendant additionally urges that a single instance of ill treatment is not grounds for a separation.
The finding of facts by the lower court reveal that: the plaintiff sustained bruises *620 inflicted by the defendant on August 27, 1961, being of such nature as to require medical attention; the defendant admitted he was responsible for them; defendant held discussions with neighbors of the intimate and personal relations of the marriage; defendant refused to eat any food prepared by the plaintiff; and, finally, defendant physically abused the petitioner on an occasion other than August 27, 1961. After examining the record we do not find sufficient reason to disturb these findings.
It is a firmly entrenched principal in Louisiana law that cruel treatment of one spouse by the other, of such nature as to render their living together insupportable, is ground for separation from bed and board. LSA-Civil Code Art. 138. Krauss v. Krauss, 163 La. 218, 111 So. 683, 58 A.L.R. 457; Simpkins v. Simpkins, 168 La. 632, 122 So. 888; Mudd v. Mudd, 206 La. 1055, 20 So.2d 311; Hammonds v. Caballero, 207 La. 1090, 22 So.2d 660.
Defendant while admitting that he spanked his wife on August 27, 1961, urges that she was guilty of such misconduct as to defeat her action under the rule that where mutual fault exists neither party is entitled to a judgment of separation based upon cruel treatment. Appellant advances the theory that any offending actions were provoked and motivated by a refusal of his wife to submit to his request for normal sexual intercourse.
In Louisiana the rule is well settled that where the faults of husband and wife are nearly balanced and are of a similar nature, neither party can be heard to complain. Durand v. Her Husband, 4 Mart., O.S., 174; Naulet v. Her Husband, Dubois, 6 La.Ann. 403; Trowbridge v. Carlin, 12 La.Ann. 882; Castanedo v. Fortier, 34 La.Ann. 135; Amy v. Berard, 49 La.Ann. 897, 22 So. 48; Ducros v. Ducros, 156 La. 1033, 1034, 101 So. 407; Snell v. Aucoin, 158 La. 767. 104 So. 709; Gormley v. Gormley, 161 La. 121, 108 So. 307; McKoin v. McKoin, 168 La. 32, 121 So. 182; Artigues v. Artigues, 172 La. 884, 135 So. 665, 76 A.L.R. 981; Faucheux v. Faucheux, 178 La. 794, 152 So. 527; Temperance v. Herrmann, 191 La. 696, 186 So. 73; Fouquier v. Fouquier, 231 La. 430, 91 So.2d 591.
It is true as contended by appellant that there exists a marital obligation of spouses to mutually submit to the reasonable and normal sex desires of each other. Mudd v. Mudd, 206 La. 1055, 20 So.2d 311.
While we are in accord with the principles of law advanced by learned counsel for defendant, we do not find them applicable to the factual situation presented herein. The record reveals that for approximately four weeks prior to August 27, defendant refused to eat his meals at home because of his wife’s alleged nagging. Plaintiff testified that defendant told her he would not eat at home because she might murder him as she and her son had killed her first husband. After making said accusations and being reminded that plaintiff’s first husband was killed in a U-2 plane explosion, defendant replied that the cause of the explosion had never been determined, implying sabotage of the plane by the wife and son.
On August 27, 1961, plaintiff, after returning from church, began to prepare dinner for her son and her sister who were to return from a vacation that evening. The defendant as usual took his lunch away from home. Upon his returning home, he went into the den and began to read the newspaper, at which time the plaintiff emerged from the bathroom. The record is in conflict as to her wearing apparel, the defendant testifying that she was wearing only her panties and brassiere and she testifying that she had on pajamas or a night gown. Plaintiff was desirous of resting so she went into the extra bedroom and reclined. Plaintiff testified that she went into the extra bedroom because defendant had previously refused her access to the bedroom they originally shared. Defendant then entered this bedroom and disrobed down to his shorts and got into bed with her. He then made sexual advances which plaintiff *621 passively rejected, for the reason that she was tired and wasn’t up to it under the conditions of the marriage. The defendant then attempted to force himself on her, and failing in this, administered a spanking. As a result of this plaintiff received bruises on her knee, thigh, arm and buttocks. Plaintiff introduced photographs to substantiate her testimony as to the bruises inflicted.
The defendant admits that he was at fault for “spanking” his wife. However, he contends that the refusal of his wife to submit to marital relations was itself fault of such a nature as to preclude her action.
Assuming, arguendo, that one refusal to submit to marital relations might constitute fault (which we do not hold) then that refusal must be unreasonable. We can well understand plaintiff’s lack of desire for sexual intercourse with her husband at that time. Defendant had just refused to eat Sunday lunch at home. To refuse to eat food prepared by the plaintiff would certainly cause hurt feelings particularly in light of his previous assigned reason for not eating at home. Plaintiff’s thoughts while having Sunday dinner alone, certainly could not have been of pleasant marital relations. To expect plaintiff to submit to marital relations, after having been thus repulsed, without prior apology or soothing, is to completely ignore woman’s nature.
We do not feel that plaintiff’s refusal of marital relations, under the circumstances, can be considered unreasonable and therefore does not constitute fault on her part. The infliction of corporal punishment by the defendant was not in anywise justified and constitutes cruel treatment.
Appellant also contends that a solitary instance of ill treatment does not authorize a judgment of separation. This court must disagree with appellant’s pronouncement of the law as our jurisprudence is to the effect that there need be no more than one single instance of cruel treatment to justify a decree of separation from bed and board. Sliman v. Sliman, 155 La. 397, 99 So. 343; Schneider v. Schneider, 214 La. 759, 38 So.2d 732; Dejoie v. Dejoie, 224 La. 611, 70 So.2d 398.
This factual contention of defendant is also without merit as the plaintiff was mistreated on more than one occasion, as recited above.
In addition to the acts of cruel treatment enumerated by the district judge, the record reveals other acts by the defendant which were not conducive of a harmonious marriage. In the presence of his wife, he told a neighborhood couple that his love for his wife was dead and he had no more respect for her and he was no longer interested in the marriage but he did not want to pay for a divorce. During one period of time he did not speak to his wife or her son. She stated that it was for a period of six weeks but he testified that it was only a couple of days. When he did break his silence he told his wife’s 10 year old son, Bruce, that his mother was crazy. On one occasion he tried to force his stepson to finish eating a sandwich and when the plaintiff objected he picked her up and shook her. After the defendant ceased dining at home he reduced the weekly household allotment from $40.00 to $25.00.
Even though the defendant’s conduct was not completely of a physically abusive nature, it is of little consequence, as our courts have held that cruel treatment sufficient to warrant a decree of separation from bed and board is not confined to physical mistreatment, but can likewise result from mental harassment. Schneider v. Schneider, 214 La. 759, 38 So.2d 732.
The plaintiff apparently strived to make tlae marriage work, even to the extent of sending her son to live with her sister.
The defendant’s reconventional demand, predicated upon abandonment, is without merit, as his actions forced the plaintiff to leave their home. The cruelty of the defendant justified the plaintiff’s re *622 fusal to continue residing with him. It therefore follows that the «conventional demand must be dismissed.
Defendant argues that he does not have the means to pay alimony in excess of One Hundred and 00/100 ($100.00) Dollars per month. The record shows that defendant’s income after deductions is approximately Seven Hundred Two and 00/100 ($702.00) Dollars per month. The trial court found that alimony payments of One Hundred Seventy-five and 00/100 ($175.00) Dollars per month were not excessive and we concur in his findings.
For the reasons assigned the judgment in favor of plaintiff decreeing a separation from bed and board between the parties, awarding alimony at the rate of One Hundred Seventy-five and 00/100 ($175.00) Dollars per month, and dismissing defendant’s reeonventional demand is affirmed.
Affirmed.