163 So.2d 858 (1964)
James A. BUSH, Plaintiff-Appellee,
v.
Frances Nelwyn BUSH, Defendant-Appellant.
No. 10175.
Court of Appeal of Louisiana, Second Circuit.
April 30, 1964.
Love, Rigby & Donovan, Shreveport, for appellant.
Hamilton & Carroll, Oak Grove, for appellee.
Before HARDY, GLADNEY and AYRES, JJ.
HARDY, Judge.
This is an action for separation, a mensa et thoro, instituted by plaintiff husband against defendant wife. Judgment was rendered and signed September 21, 1963, in favor of plaintiff, decreeing a separation. This judgment further awarded the care, *859 custody and control of the three minor children of the parties involved to the plaintiff father during the period from June 15th to August 15th of each year; recognized the father's right of visitation at reasonable times, and further his right to take his children for visits in his home during the third week-end of each month. From this judgment defendant-appellant has appealed, specifying error on the part of the trial judge in failing to grant a new trial; in granting plaintiff custody of the children for periods of time which has the effect of judicially reprobated divided custody, and in casting the defendant wife with the costs of the proceedings.
In this court counsel for defendant has filed a motion to remand on the ground of the falsity of plaintiff's allegations of abandonment and improper conduct on the part of defendant, and on the further ground that the evidence is insufficient as a basis for reviewing the award of custody.
The motion to remand and the contention of error with respect to failure to grant a new trial are largely predicated upon the same contention, namely, that counsel for defendant wife, after extended negotiations with counsel for plaintiff, was led to believe that the case would not be fixed for trial nor any action taken without advance notice. It is, therefore, urged that defendant was seriously prejudiced by the default judgment and deprived of her right to answer to the merits of the case.
We will not attempt a detailed narrative of the lengthy negotiations, communications and understandings between counsel, for, after careful consideration and examination, we have concluded that there was no ill intent nor any calculated design to mislead. The misunderstanding obviously resulted from a failure to establish a definite and certain agreement as to procedure. Under this circumstance, we find no ground upon which to set aside the default judgment, which recites that it was rendered after evidence adduced in court. In the absence of a transcript of the testimony, a recital of the judgment must be considered as controlling. The errors complained of involve questions of procedure resulting from the misunderstanding between counsel, both of whom allowed their personal feelings to become involved. Accordingly, the motion to remand is overruled.
In our opinion, the only serious issue presented by this appeal relates to the question of divided custody. We are in agreement with the contention of counsel for defendant that awards of this nature are reprobated by our courts. The latest pronouncement on this point is found in the case of Holley v. Holley (3rd Circuit, 1963), 158 So.2d 620, in which the opinion of the court briefly reviewed cases in which awards of divided custody were found objectionable. We think the judgment in the instant case falls within the judicial prohibition against this nature of award, and, therefore, should be amended to conform to the general principles governing custody awards.
On the question of the assessment of costs, we find that the record does not establish the existence of separate property of the wife. It follows that the costs should have been taxed against the plaintiff as head and master of the community; Pratt v. Pratt, La.App., (2nd Circuit, 1962), 142 So.2d 446.
For the reasons assigned, the judgment appealed from is amended and recast to read as follows:
"It is ordered, adjudged and decreed that there be judgment herein granting unto plaintiff, James A. Bush, a separation, a mensa et thoro, from defendant, Frances Nelwyn Bush.
"It is further ordered, adjudged and decreed that the care, custody and control of the three minor children, Janice Nell Bush, James A. Bush, Jr., and Terry Juanita Bush, be granted to defendant, Frances Nelwyn Bush, subject, however, to the *860 rights of visitation in favor of plaintiff, James A. Bush, which are specifically fixed as follows: The third week-end, from Friday afternoon until Sunday noon, of each month from September to May, inclusive, of each year hereafter; for a three-week period from June 15th to July 6th of each year hereafter, and the further right to see and visit with the said children at any reasonable times when he is in the vicinity of their place of residence.
"It is further ordered, adjudged and decreed that the right is hereby reserved to the defendant to assert, by proper proceeding, any claim for child support; and
"It is further ordered that plaintiff pay all costs of this suit."
As above amended and recast, the judgment appealed from is affirmed. The cost of appeal is taxed against plaintiff-appellee.