GLADNEY, Judge.
The plaintiff herein instituted this suit for a separation from bed and board “a mensa et thoro” alleging her entitlement to judgment on grounds of abandonment and cruel treatment. The defendant joined issue by answer denying that plaintiff was entitled to such relief. Following trial on the merits the trial court rejected plaintiff’s demands, finding that she had failed to prove her case by a preponderance of the evidence. Plaintiff has appealed.
The parties were married on September 2, 1961, and established their matrimonial domicile in Shreveport where it has since remained. Their first child was born on September 25, 1963, and, at the time of the institution of this suit on September 15, 1964, the wife was pregnant. The defendant appears to be gainfully employed and has not himself sought a judgment of separation or divorce. The instant suit is the third in a series of separation suits between the two parties. Judgments of separation in the previous suits were rendered, one in favor of the wife and one in favor of the husband.
Plaintiff alleges the circumstances which give rise to the instant suit occurred on August 31, 1964, when there was a bruising fight between the parties. Following this affair the husband withdrew from his residence and this suit followed.
A careful reading of the record indicates the August thirty-first occurrence was precipitated by mutual fault. We agree with the court’s finding that plaintiff has failed to establish her suit by a preponderance of the evidence.
For the foregoing reasons the judgment is affirmed.
Supplemental Opinion
PER CURIAM.
Our attention has been directed to the • fact that our judgment affirming the *651 decision of the trial court had the effect of casting appellee’s wife with costs which should have been assessed against the husband as head and master of the community. Pratt v. Pratt, La.App., 142 So.2d 446 (2nd Cir.1962); Bush v. Bush, La.App., 163 So. 2d 858 (2nd Cir. 1964).
There being no disclosure in the record that the wife does have separate and para-phernal property, our decree as to costs is hereby corrected to assess the costs incurred in the case upon defendant-appellee.