GLADNEY, Judge.
The plaintiff, Hazel Mae Moseley, instituted this action against her husband, Ralph Lewis Moseley, for a separation from bed and board predicated on ill treatment of such a nature as to render their living together insupportable. The husband filed a reconventional demand on similar grounds and because of alleged abandonment. Following trial of the case the court rejected the demands of both parties as being equal in fault and plaintiff has perfected this appeal.
The parties were married in Chicago on September 30, 1929. Since 1940 until the date of their separation, February 28, 1965, they lived together in Winnfield. Of the marriage two children were born, Ralph Lewis Moseley, Jr., 23 years of age, and Polly Ann Moseley, born November 14, 1949. Briefs of counsel supply information that the Moseleys occupy a respected position in the local community and both are well-educated. Moseley is and has been a director of the Huey P. Long Trade School for a number of years and earns an annual salary of $10,000.
The voluminous record, which spans a period of five years or more prior to their separation, relates to evidence adduced as to charges of misconduct or acts of fault on the part of both husband and wife. The testimony shows that some of the charges were not of serious import and others lacked corroborative evidence. It is shown, however, that the marriage relationship had undergone such deterioration over the years that at the time of separation, as the trial judge commented, it had virtually ceased to exist. It may not be gainsaid that either party was free from fault. The trial court concluded both parties were guilty of many faults and acts of cruelty and that to determine the greater offender would be difficult, if not impossible.
After closely studying the record with respect to the comparative rectitude of the parties we are not in accord with the finding of the trial court. In our opinion the husband was guilty of such a serious degree of fault plaintiff is entitled to a judgment in her favor. Moseley was given to frequent outbursts of temper during which he cursed his wife. On several occasions *773 he struck her. He permitted the home to become dilapidated to such an extent that it was not in keeping with his income and station in life and was, undoubtedly, a source of embarrassment and inconvenience to his family. He was a penurious man and denied essentials to his teenage- daughter and wife, such as clothes and drugs. These acts on the part of the husband, which we find sufficiently proven, outweigh the acts of provocative misconduct which he charges to his wife.
His most serious complaint against his wife is that she refused to have further sexual relations with him after 1959. Mrs. Moseley did not contradict this charge, but defended her position on the ground that because of continous abuse from her husband a constant state of incompatibility existed which prevented a normal relationship. Under the conditions which we find existed, she should not be denied entitlement to a decree of separation from bed and board on this ground.
Counsel assigns error to the judgment below in that it rejected the demands of plaintiff and defendant on the ground both parties were equally at fault. A recognized legal principle is that where the faults of husband and wife are nearly balanced and are of a similar nature, neither party can be heard to complain in a court of justice. Fouquier v. Fouquier, 231 La. 430, 91 So.2d 591 (1956) and authorities cited therein. This rule, sometimes referred to as the doctrine of recrimination is enunciated in 27A C.J.S. Divorce § 67, p. 228, and rests upon the equitable maxim that he who comes into equity must come with clean hands, and on the concept that he who seeks redress for the violation of a contract resting on mutual and dependent covenants must himself have performed the obligations on his part. In cases holding the spouses are guilty of mutual wrongs towards each other, such wrongs must be of the same character and so proportional that it is difficult to ascertain which party is mainly at fault. Snell v. Aucoin, 158
La. 767, 104 So. 709 (1925). Application of the rule in this state was the subject of comment in Eals v. Swan, 221 La. 329, 59 So.2d 409 (1952) wherein the court stated:
“The Louisiana rule is that while mutual, equal fault operates as a bar to relief being given to either litigant, the courts consider in each case the degree of guilt, and only where there is a finding of fact that the degree of guilt has been equal is the suit dismissed. The rule of comparative rectitude has been impliedly recognized. Each case, however, stands on its own particular set of facts.” [59 So.2d 409, 410]
The record, we think, justifies the finding Mrs. Moseley is entitled to a separation from bed and board under the provisions of LSA-C.C. art. 138(3):
“3. On account of habitual intemperance * * * or excesses, cruel treatment, or outrages * * * if such habitual intemperance or such ill-treatment is of such a nature as to render * * * living together insupportable;” [LSA-C.C. art. 138(3)]
In Lee v. Lee, 145 So.2d 618 (4th Cir. 1962) the court said:
“We do not feel that plaintiff’s refusal of marital relations, under the circumstances, can be considered unreasonable and therefore does not constitute fault on her part. The infliction of corporal punishment by the defendant was not in anywise justified and constitutes cruel treatment.” [145 So.2d 618, 621]
Cf. Crain v. Crain, 169 So.2d 166 (1st Cir. 1964).
The marital obligation imposed by the Civil Code which requires a wife to live with her husband, must be construed with reference to the obligations of the husband and with reference to the right of the wife to put an end to the marital relationship for any one of the causes spe *774 cified in LSA-C.C. arts. 120, 138. It presupposes that the husband will maintain a residence to which the wife can go in good conscience and is welcomed, and therefore, a wife should be permitted to acquire a separate domicile for herself where she is compelled by mistreatment to leave her husband. Bush v. Bush, 232 La. 747, 95 So.2d 298 (1957).
Accordingly, insofar as the judgment from which appealed rejects the demands of Mrs. Moseley, it is annulled and reversed, and judgment is decreed granting in favor of Hazel Mae Oulman Moseley against the defendant, Ralph Lewis Moseley, a separation from bed and board. It is further ordered that the community of acquets and gains existing between the parties be dissolved, that the temporary custody and care of Polly Ann Moseley be granted to plaintiff, Hazel Mae Oulman Moseley. Alimony, and support for the minor, Polly Ann Moseley, is awarded in the amount of $300 per month. The fees for the attorneys representing Mrs. Moseley are hereby fixed at the sum of $1,000. As so reversed and rendered, the judgment in all other respects is affirmed.
The case is remanded to the 8th Judicial District Court in and for the Parish of Winn for further proceedings consistent with this decree.
The cost of this appeal is taxed against the defendant, Ralph Lewis Moseley.
ON REHEARING
This rehearing was granted to amend our original decree with respect to the allowance of attorneys’ fees and the taxing of costs.
The record fails to disclose the value of the services rendered by plaintiff’s counsel and, therefore, this court erred in assessing attorneys’ fees. Murphy v. Murphy, 229 La. 849, 87 So.2d.4 (1956); Scacciaferro v. Hymel, 206 La. 973, 20 So.2d 284 (1944), and Arnold v. Arnold, 186 La. 323, 172 So. 172 (1937). Our decree is further amended by taxing all cost against the defendant husband as head and master of the community. Manning v. Manning, La.App., 174 So.2d 650 (2nd Cir. 1965); Bush v. Bush, La.App., 163 So.2d 858 (2nd Cir. 1964) and Pratt v. Pratt, La.App., 142 So.2d 446 (2nd Cir. 1962).
As so amended, our original decree is reinstated and made the judgment of this court.