216 So.2d 852 (1968)
Hazel Mae Oulman MOSELEY, Plaintiff-Appellant,
v.
Ralph Lewis MOSELEY, Defendant-Appellee.
No. 11040.
Court of Appeal of Louisiana, Second Circuit.
June 4, 1968.
Rehearing Denied December 3, 1968.
*853 Thomas & Friedman, Natchitoches, for appellant.
Holloway & Baker, Jonesboro, for appellee.
Before AYRES, PRICE, and WILLIAMS, JJ.
AYRES, Judge.
This appeal by plaintiff involves a matter of the "fringe benefits" of a divorce decree in the sense that the word denotes the frayed ends and raveled edges of an unhappy marital relationship terminated with a continuing, unsolved controversy. More specifically stated, questions for resolution concern alimony for the wife, support for a minor daughter, and attorneys' fees for the wife's counsel in compensation of services rendered.
For an appreciation of the issues as they are resolved, it is deemed expedient that certain of the material facts be briefly reviewed.
Plaintiff initially instituted an action against the defendant March 1, 1965, in which she sought a judgment of separation "a mensa et thoro," custody of a minor daughter, and alimony for herself and support for the child pendente lite as well as permanent alimony and support in the final decree. In a proceeding by rule defendant was condemned to pay alimony and support for plaintiff and the minor at the rate of $258.00 per month beginning March 1, 1965. Defendant thereafter reconvened and sought a judgment of separation in his behalf.
On trial of this case on its merits, the demands of both parties were rejected. *854 From that judgment, plaintiff appealed to this court, wherein the judgment was reversed and plaintiff was granted a separation as well as alimony for herself and support for the child at the rate of $300.00 per month. Modification of the judgment with respect to these items was denied on rehearing June 30, 1967. The judgment of this court became final July 30, 1967.
The present proceedings for a final divorce were instituted by Mrs. Moseley October 23, 1967. She also sought alimony for herself in the sum of $200.00 and support for the child at the rate of $125.00 per month, as well as attorneys' fees in the sum of $2,500.00. In answer to plaintiff's demands, defendant contended that plaintiff was no longer in need of alimony and asserted that $100.00 per month was sufficient for the minor's support. In this regard defendant pointed out that he had retired from his employment and that his income had been reduced more than one-half since the award of alimony was made and support granted in our original decree.
After trial plaintiff was granted a divorce and awarded alimony for herself and support for her minor at the rate of $152.66 per month, apportioned one-half to each. Past-due alimony as of November 20, 1967, in the sum of $1,069.50, was made executory. Counsel's fees were awarded in the sum of $250.00. From this judgment, plaintiff appealed and, in an assignment of errors, contends that the court erred, first, in calculating the arrearage of alimony and support at the rate of $258.00 per month instead of $300.00 per month as fixed by this court (200 So.2d 771 [1967]); second, in fixing the award of alimony and support in the sum of $76.32 each for plaintiff and the minor; and, third, in making an inadequate award for attorneys' fees.
With respect to the first of these assignments, it may be pointed out that the award made by the trial court for alimony and support pendente lite was never the subject matter of an appeal. The award made by this court was in the nature of permanent alimony in connection with a decree "a mensa et thoro." Alimony and support were payable under the decree of the trial court so long as that case was pending. It was pending until the judgment of this court became final on July 30, 1967, whereupon the rate for alimony and support changed from $258.00 to $300.00 per month. There was, therefore, a difference of $42.00 per month for the next three months and 20 days, that is, from July 30, 1967, to November 20, 1967, the date to which the accrued alimony and support were calculated by the trial court. Thus, the arrearage made executory should be increased by $154.00 to $1,223.50.
As for the award of alimony and support, as to which plaintiff complains in her second assignment of error, we find no basis for changing the amount as awarded by this court in the separation proceedings. Defendant was at that time earning an annual salary of $10,751.00. His income was, however, because of his retirement August 1, 1967, reduced to $449.12 per month. The needs of the wife and daughter have nevertheless continued. The requirements of the daughter have probably increased due to her attendance in college. There is no proof defendant was forced to retire from his employment or that he is unable to earn sufficient income to support his wife and daughter. A father's obligation to support his wife and child are paramount to his right of voluntary retirement.
With respect to plaintiff's counsel's fees, the voluminous record reflects continued court proceedings extending over a period exceeding three years, every step of which, including the action for separation, temporary alimony, judgment for divorce, and collection of alimony and support, has been vigorously contested. Numerous court appearances were made and counsel itemizes 106 hours of labor in the service of his client. A fee of $2,000.00 is not, in our opinion, excessive for the services rendered. *855 This award is amply supported by the testimony in the record.
For the reasons assigned, the judgment appealed is amended by increasing the alimony and support to $300.00, proportioned $200.00 to plaintiff and $100.00 for the minor, payable in semi-monthly installments of one-half on the first and fifteenth of each month beginning December 1, 1967, by increasing the attorneys' fees for plaintiff's counsel to the sum of $2,000.00, and by increasing the past-due alimony as of November 20, 1967, to the sum of $1,223.50; and, as thus amended, the judgment appealed is affirmed at defendant appellee's costs.
Amended and affirmed.
Before GLADNEY, AYRES and PRICE, JJ.

On Rehearing
GLADNEY, Judge.
This rehearing was granted to give further consideration to our original decree insofar as it increased the awards made therein for alimony and attorneys' fees.
Our award for alimony of $200 per month exceeded the limitation imposed in LSA-C.C. Art. 160 which stipulates "* * * the court may allow her, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income * * *." The total income of the defendant admittedly is no more than $449.12. Hence, it is proper that the monthly alimony be reduced to $149 and our original decree will be amended to show this.
The judgment of the trial court granted unto plaintiff $250 in attorneys' fees which we increased to $2,000. The defendant having neither appealed nor filed an answer to the appeal does not, and indeed may not, complain of the trial court's judgment. In this proceeding for a final judgment of divorce plaintiff alleged the existence of community property and asks that her attorneys' fees be fixed at the sum of $2,500 and ordered paid out of the community property owned by the parties. By a decree of this court rendered April 19, 1967 [Moseley v. Moseley, 200 So.2d 771] now final, a separation from bed and board was granted and the community of acquets and gains existing between the parties was dissolved. It thus is clear that the obligation for attorneys' fees claimed in these proceedings was incurred subsequently to the dissolution of the community by judicial decree. Therefore, the obligation for attorneys' fees is not a community obligation and is not recoverable. See Tanner v. Tanner, 229 La. 399, 86 So.2d 80 (1955) [on rehearing]; Franks v. Franks, 236 La. 122, 107 So.2d 415 (1958). We were in error in granting an increase of attorneys' fees above the sum of $250 as allowed by the District Court judgment, an award which cannot be reviewed by this court forasmuch as the defendant neither appealed nor answered the appeal.
Our original decree will be amended by reducing the alimony award in favor of Mrs. Moseley from $200 to $149 and the increase in attorneys' fees granted in our original decree is vacated.
Subsequent to submission a motion to remand was filed in this court by defendant asserting plaintiff had inherited approximately $14,000 from her father and that she is no longer entitled to permanent alimony since she has a sufficient amount of separate property for her support. We find no merit in the motion and it is denied.
As so amended our original decree is reinstated and made the judgment of this court.